NEW-YORK,
May, 1829.

Baldwin
v.
Munn.

## BALDWIN vs. MUNN.

THIS was an action of covenant, tried at the Tompkins circuit, in January, 1828, before the Hon. SAMUEL NELSON, one of the circuit judges.

On the 17th November, 1817, the defendant entered into an agreement under seal to convey to the plaintiff, by a good, perfect and sufficient warrantee deed, 129 ¾ acres of land situate in the county of Tioga, on the payment of the sum of $259,50 by instalments, viz. one fifth of the sum in 4 years from 2d June, 1817, and the residue in 4 equal annual payments thereafter, with interest, and on condition that the plaintiff should, within nine months from the date of the agreement, cause a dwelling house to be built on the land, and should put an actual settler on the land, and keep him continually on the same. The agreement came to John C.

*Where the payment of money is a condition precedent to the performance of a covenant to convey land, a waiver of the condition cannot be given in evidence in support of a declaration for breach of the covenant averring performance.*

*A bona fide vendor, believing he has title, covenanting to convey land, and discovering, be-*

fore any part of the consideration money is paid, a defect in his title, is not liable to damages for refusing to convey. If, however, he acts *mala fide*, and refuses to convey because the property has increased in value, and with a view of putting the enhanced value into his own pocket, he is liable to an action for damages.

Hayt by assignment in January, 1819. About the time that the first instalment fell due, it was offered to be paid to an accredited agent of the defendant, who declined to receive it, on the ground that there was a mistake on the part of the defendant as to the title to the land. On the 8th March, 1822, Hayt, the holder of the agreement, paid to the defendant $102,15 in full of the first instalment and the interest then due, which was endorsed on the agreement. Some difficulty as to the title to the land was then suggested, upon which, the money was returned to Hayt, the endorsement stricken out, and a memorandum made on the agreement, signed by the defendant, to the purport that he had agreed with Hayt to take no advantage of him in consequence of the payments not having been made when due, they having agreed to settle the business amicably. In May, 1824, Hayt again offered the defendant to pay him what was due upon the contract, who replied he could not receive it, as there was a question about the title. On the trial of the cause, a letter of the defendant, bearing date in December, 1827, was produced, in which he admitted, that though he had a warrantee deed of the land, he had learnt, subsequent to his purchase, that previous to the conveyance to him, his grantor had already conveyed away the land. It was also proved by an agent of the defendant, who entered into the contract in question as the attorney of the defendant, that at that time, he and the defendant both supposed that the defendant had a good title to the land ; and it was admitted that the defendant had a deed of the premises in question, bearing date in May, 1814, executed to him by one Lewis, and that Lewis had previously conveyed the same premises to another person, of which, however, the defendant had no knowledge when he contracted with the defendant.

An action was brought on the agreement for the refusal to convey. The declaration contains two counts. In the *first*, after setting out the contract, a general performance is averred on the part of the plaintiff of all things on his part to be done and performed, and a non-performance on the part of the defendant is alleged. In the *second*, it is averred specially, that within nine months from the date of the contract,

the plaintiff caused a dwelling house to be built on the land,
that he put an actual settler on the land, and kept him constantly there, and that he tendered and offered to pay to the defendant the respective instalments, with interest, as they fell due. The defendant pleaded *non est factum*, and to the first count specially, that the plaintiff had not performed all things in the contract contained on his part to be done, negativing the averment in the count. To the second count, he pleaded three special pleas, denying and taking issue upon the material averments in the count. The first plea is, that the defendant did not cause a dwelling house to be erected on the land; the second, that he did not put an actual settler thereon; and the third, that he did not tender and offer to pay the several instalments, &c.

The facts above stated having been proved on the trial of the cause, and the plaintiff having rested, the defendant moved for a nonsuit on the ground that the plaintiff had failed in proving the issues joined in the cause. His honor the presiding judge reserved the question. The plaintiff then offered to prove the value of the land on the 2d of June, 1825, (the time when the last instalment fell due,) claiming to recover the increased value of the land beyond the contract price. This evidence was objected to by the defendant, but received by the judge, reserving the question, and a verdict was taken for the plaintiff for the sum of $154, being the increased value of the land on the 2d of June, 1825, beyond the contract price, subject to the opinion of the supreme court; and it was agreed that if the plaintiff ought to have been nonsuited on the trial, then judgment of nonsuit should be entered, and if the plaintiff was entitled to recover the increased value, then the verdict should stand, otherwise the verdict should be reduced to nominal damages.

*J. A. Collier*, for plaintiff. It being admitted that the defendant had no title to the land, it was out of the power of the plaintiff to perform that part of the agreement by which he was required to build a house, and to put a settler on the land; and he was prevented from doing so through the fault of the defendant in contracting to convey land to which he

had no title; and the plaintiff having tendered payment of the money, he had done all that could be required of him, and was entitled to his action.

If the non-performance of the plaintiff could be alleged in avoidance of the agreement, such defence being set up by way of avoidance, and as a condition which worked a forfeiture, the defendant held the affirmative, and the burden of proof rested upon him. (*Wooddeson,* 151.   17 *Johns. R.* 70.   20 *id.* 181, 3.)

The acceptance of the money, or the refusal to accept, upon the *sole* ground that the defendant had no title, amounted either to a waiver of the condition, or afforded presumptive evidence of its performance.   (1 *Phil. Ev.* 118.   15 *Johns. R.* 479.   10 *id.* 402.   8 *id.* 474.   3 *id.* 528.   7 *id.* 476.   3 *Johns. Cas.* 243.   7 *Cowen,* 50.)

The plaintiff might claim the difference between the contract price and the value of the land at the time when the plaintiff would have been entitled to his deed.   This is the rule of damages on failure of a contract relative to personal property, and it equally applies to real estate. (7 *Cowen,* 681. 6 *Wheaton,* 118.)

*S. Stevens,* for defendant.   The plaintiff ought to have been nonsuited on the trial, having failed in proving the issues.   It was not competent to him to rely on the waiver of the defendant as to the payment of the money; his action was on the covenant, he claimed to recover, averring a full performance of its conditions on his part, and without proof of the material averments in his declaration, he was not entitled to sustain his action.   If the plaintiff had a right of action under the circumstances of the case, he should have declared specially, so that the defendant might have known what he was called upon to answer.   (8 *Mass. R.* 388.   9 *Johns. R.* 115.   8 *id.* 392.   3 *T. R.* 590, 1, *note.*)   Besides, there is no evidence of a waiver of all the instalments.

There was no inability on the part of the defendant to comply with his covenant.   He had covenanted to convey to the plaintiff by a good, perfect and sufficient warrantee deed; and admitting that a covenant of seisin would have been brok-

en the instant the deed had been executed, still the defend-
ant cannot set up the inability of the plaintiff to convey, un-
til he has shewn a full compliance on his part.    Performance
by him was a condition precedent.

The plaintiff, by his refusal to accept the consideration
money, and his omission to execute a deed, cannot have in-
curred a greater responsibility than he would have been un-
der had he executed the deed.    In that case, he would have
been liable for the consideration money and the interest, on
refunding which to his grantee, he would have been dis-
charged, and would not have been obliged to pay for the in-
creased value of the land.    The plaintiff then would have
been entitled to recover only what he had paid ; and now,
nothing having been paid, he is entitled to recover nothing.
(2 *Wheaton*, 63 to 65.    3 *Caines*, 111, 114.    5 *Johns. R.* 85.
2 *id.* 207.    10 *id.* 203.    16 *id.* 267.)    The vendor, without
any fraud on his part, was incapable of making a good title.
When he entered into the contract, he supposed he had title.
The plaintiff shews no injury sustained, and is not entitled to
damages for the loss of his bargain, without fault or fraud on
the part of the vendor.    (2 *Black. R.* 1078.)    He is only
entitled to an indemnity for any actual injury he has sustain-
ed, without regard to the profits which he has failed to make ;
and no injury being shewn, he is not entitled to recover.

*By the Court,* SUTHERLAND, J.    Under the pleadings in
this cause, the affirmative of all the issues was held by the
plaintiff.    The pleas were nothing more than a denial of the
material allegations in the declaration ; they concluded to the
country, and formed perfect issues.

The plaintiff did not attempt to sustain the averment in
his declaration, but offered evidence to shew a waiver of per-
formance on the part of the defendant ; and the first ques-
tion which arises is, whether such evidence was competent
under the pleadings.

The case of *Phillips and Butler* v. *Rose,* (8 *Johns. R.* 392,)
is precisely in point.    The plaintiffs in that case had cove-
nanted with the defendant to build a mill in a certain place
and by a specified time.    In an action upon the covenant,

NEW-YORK, May, 1829.

Baldwin
v.
Munn.

they averred they erected the mill at the place and by the time mentioned in the agreement. It was held, that evidence that the mill was erected at a different place and after the time, by the consent and agreement of the defendant, did not support the declaration. The court remark that the contract must be proved as it is laid, or the defendant has no notice of what he is called upon to answer. Evidence that the contract was enlarged by a parol agreement will not support the declaration.

The same doctrine was held in *Freeman* v. *Adams*, (9 *Johns. R.* 115.) That was an action of debt upon an arbitration bond. The defendant, after craving oyer of the bond and condition, pleaded that the arbitrators did not make an award in the time limited by the condition of the bond. The plaintiff replied that the time for making the award was enlarged by agreement, under the hands and seals of the parties, and that the award was made within the enlarged time. The defendant demurred to the replication, and the demurrer was sustained by the court. The court held that the remedy of the party was upon the submission implied in the agreement to enlarge the time. They referred to the case of *Phillips* v. *Rose*, as an authority to shew that if a contract be changed, you must not declare on the original contract; and it is observed that there is a wide difference between the case of a suit to enforce the original contract in consequence of such subsequent agreement, and a plea of discharge by the obligee from a strict and literal compliance with the obligation, according to the doctrine in *Fleming* v. *Gilbert*, (3 *Johns. R.* 528,) and in *Keating* v. *Price*, (1 *Johns. C.* 22.)

In *Little and another* v. *Holland*, (3 *T. R.* 590,) the plaintiff had covenanted to build two houses by a certain time for £500. In an action of covenant for the money, he averred that the houses were built within the time. It was held that evidence of an enlargement of the time by parol agreement, and that the houses were finished within the enlarged time, did not support the declaration. The case of *Brown* v. *Goodman*, in a note to *Little* v. *Holland*, maintains the same doctrine. These cases are both referred to by this court in *Phillips* v. *Rose* and *Freeman* v. *Adams*, as solemnly and definitive-

ly settling this point. The same principle was also recognized in *Hasbrouck* v. *Tappen*, (15 *Johns. R.* 204,) and expressly adjudged in *Jewell* v. *Schroeppel*, (4 *Cowen*, 566.) The evidence, therefore, did not support the declaration, and the plaintiff should have been nonsuited.

But, secondly, if the action could be sustained, what would be the rule of damages in such a case. The defendant was a *bona fide* vendor ; he covenanted in good faith to convey the premises to the plaintiff, believing at the time that his title was good ; before any part of the consideration money was paid, he discovered the defect in his title, and refused to receive the purchase money, and nothing has in fact been paid by the plaintiff.

Where land is actually conveyed with covenants of seisin, general warranty and quiet enjoyment and the consideration money is paid, the vendee, upon eviction, can recover only the consideration paid, with interest for six years, and the costs of defending the suit which terminated in his expulsion. The measure of damages is the value of the land at the time of the sale, and not at the time of the eviction ; and the price agreed upon by the parties is conclusive evidence of such value. If the vendee were not responsible to the true owner for the mesne profits, no interest could be allowed ; the use of the land would be considered equivalent to the use of the money : but being responsible for the profits of the land for six years, he must be allowed interest on the money paid by him for the same period, or he will not be indemnified.

This doctrine is fully established in this court. It was very elaborately considered by Ch. J. Kent, in *Staats* v. *The Executors of Ten Eyck*, (3 *Caines*, 111,) on the ground of principle and authority, and has been sanctioned and confirmed by many subsequent cases. (4 *Johns. R.* 1. 5 *id.* 49, 85. 7 *id.* 173. 9 *id.* 324. 13 *id.* 50. 4 *Dall.* 441. 2 *Mass. R.* 433, 455. 3 *id.* 523. 2 *Wheaton*, 62, *note c.*, where all the cases upon this point in the different state courts are well collected.) In an action on the covenant against incumbrances in a deed, the plaintiff can recover only the amount paid by him to extinguish the incumbrance ; but if he has

paid nothing, no matter what the amount of the lien may be, he can recover *nominal damages only*. (*Delavergne* v. *Norris*, 7 *Johns. R.* 358. 4 *Mass. R.* 627. 13 *Johns. R.* 105.) If these principles are just in relation to the covenant of general warranty, and of quiet enjoyment, and against incumbrances, I do not perceive why they are not equally applicable to the covenant to convey, where the covenantor has acted in good faith, and refuses to convey because his title has in fact failed.

The reasons which are urged with so much force by Ch. J. Kent, in *Staats* v. *Ten Eyck*, (3 *Caines*, 115,) in favor of the rule of damages adopted in that case, certainly apply with at least equal force to the case in question. He observes that no prudent man would venture to sell his property, if there was no limit to the damages for which he would be responsible in the event of a failure of his title. He asks, who, for the sake of £100, would assume the hazard of re-paying as many thousands, to which value the property might rise by causes not foreseen by either party, and which increase in value would confer no right on the grantor to demand a further sum of the grantee? And he says the safest general rule is, to limit the recovery as much as possible to an indemnity for the actual injury sustained, without regard to the profits which the plaintiff has failed to make. The same rule is laid down by De Grey, Ch. J., in *Flureau* v. *Thornhill*, (2 *Bl.* 1078.) He says, upon a contract for a purchase, (of land,) if the title proves bad, and the vendor is, *without fraud*, incapable of making a good one, I do not think the purchaser can be entitled to any damages for the fancied goodness of the bargain which he supposes he has lost.

If the vendor acts in bad faith, and refuses to convey because the property has increased in value, and with a view of putting the enhanced value in his own pocket, it becomes a case of fraud, and the plaintiff would clearly be entitled either to compel a specific performance in equity, or to recover by way of damages the difference between the contract price and the enhanced value when the conveyance should have been made.

The supreme court of the U. S., in *Hopkins* v. *Lee*, (6 *Wheaton*, 109,) it is true, appear to have held that when the vendor fails to convey according to his contract, the measure of damages is the value of the land at the time of the breach, and not the price fixed in the contract. Lee, in that case, had sold and conveyed to Hopkins an estate, for which Hopkins was to pay, in part, in other lands at settled prices. He failed to convey, and the action was for a breach of that covenant. It will be perceived that this was substantially a case of exchange of lands. Very different considerations may be applicable to such a case, from the ordinary case of a mere failure to convey where the consideration money has not been paid. It is also to be remarked, that the rule of damages upon an eviction of real estate does not appear to have been settled in that court when the case of *Lee* v. *Hopkins* was decided. *Here* the rule is settled, and it appears to me to control, by the force of analogy, the decision of this cause.

Judgment of nonsuit must be entered on the first ground which was considered, according to the stipulation of the case.