Hornblower, C. J.
This question did not arise in the case of Stewart v. Drake, 4 Halst. 139. The purchaser in that case had not been subjected to any costs, but was deprived of the property by a sale of it under a decree of the court of chancery,, upon a mortgage given by the vender.. The court was not therefore called upon to express any opinion.on the point now before-us, namely : whether the plaintiff can recover any costs incurred by him in defending the title, unleeshe gives notice of the suit to-the covenantor.
Nor did this question come before the court in the case of Executors of Holmes v. Devisees of Sinnickson, 3 (Green 313.) The parties had agreed that the consideration money with six years interest, and the taxed costs, should be paid. The only question submitted, was whether the defendant should pay the counsel fees advanced by the covenantee in defending his title ; and it was decided that they were not recoverable.
Chief Justice Kent, in Staats, v. Executors of Ten Eyck (3 Caines R. 311) decided that the plaintiff was entitled to recover the consideration money paid, with interest, and the costs of thedefence. But the case does not inform us whether the plaintiff had given any notice of the suit to the executors of the covenantor; and therefore does not settle the point now in controversy.
It is proper to remark however, that in the case just cited, Chief Justice Kent was of opinion and so decided, that the costs should include the reasonable fees of counsel, as well as those which are taxable. But in his commentaries (4 vol. 463) after reviewing the cases, he says, “the uniform rule is, to allow the consideration money, with interest and costs, and no more.”
Vid. Prescott v. Trueman, 4 Mass. 627; Delaveine v. Norris, 7 *307 John’s. 358; Stannard v. Eldridge, 16 Id. 254; Funk v. Voneida, 11 Serg. & Raw. 109; Waldo v. Long, 7 John’s. 173; Bennett v. Executors of Jenkins, 13 John’s. R. 50.
I have looked into all the cases cited at the bar, and into a number of others, and do not find that the question whether cost's shall be allowed as damages, 1ms ever been made to depend on the fact of notice by the covenantee to the covenantor, of the suit by which the former was evicted. In Bennet v. Executors of Jenkins, (13 John’s R. 50) it is indeed stated in the case, that the defendant had notice of the suit; but no importance seems to have been given to that fact, either by the counsel or the court. In that, as in all the other cases which I have examined, the right of the plaintiff to recover the taxable costs he liad paid, in defending the title, is laid down as a general rule, without any reference whatever to the question whether notice has been given or not, and in Stewart v. Drake, (4 Halst. 141.) Chief Justice Ewing inlaying down the rule of damages in the case of incumbrances, says, “if the grantee has extinguished the incumbrance, he shall then recover in damages, the amount paid to extinguish it, if fair and reasonable, with interest, and in some cases, where an action on account of the encumbrances has been brought against him, the costs also of such action.”
If therefore we refuse to allow the plaintiff the costs he has paid in this case, we must do so upon principle, and not by force of authority.
It certainly seems reasonable that before a man should be called upon to pay a heavy bill of costs, he ought to have an opportunity of defending the suit, or otherwise protecting himself against such a claim; but yet when the subject comes tobe looked into with reference to the rights and obligations of the parties, it will seem not to be important in the present case, since the defendants in this action have suffered judgment to pass against them by default.
If notice of the suit had been given to these defendants and they had either declined to interfere, or had unsuccessfully aided the plaintiff in his defence, it must be admitted, that they would not only, have been liable to costs; but would also have been concluded by the judgment of eviction.
But suppose the defendants, conscious of the unsoundness of *308 the title had not only refused to defend the suit, but had given notice to the tenant that if he made any defence, he must do it, at his own risk and expense, would that have availed them any thing? I think not. It would jilace a grantee, in hazardous circumstances, if upon such an intimation from his grantin’, he must either defend, at his own expense; o¿’ abandon the title, and look for compensation in damages under his-covenants. On the contrary, I am of opinion, that notwithstanding such notice from the covenantor, the grantee would have a right to recover from him, the taxable costs he had incurred in honestly and fairly resisting the claim of title set up by the plaintiff in the ejectment.
Nevertheless, the omission of the plaintiff to give notice to these defendants, of the suit brought against him for tiie recovery of the premises, might have seriously affected his right. In the absence of such notice, they clearly, were not concluded by the judgment, in that case. It was competent for them, when sued in this action, to set up and maintain the validity of the title of Sinnickson the grantor. Instead of doing so, they have suffered a default, thereby confessing, their covenant broken, in the manner set forth by the plaintiff; and that they are liable for the damages he has sustained; which damages, it is now well settled, and upon the soundest principles, in a case like this, consists of the consideration paid, with interest for a period not exceeding six years-antecedent to the eviction, together with the costs consequent thereupon.
The costs paid in this case, on the 16th March, 1825, as appears by the statement handed up to the court, was jg369 22, whether that was the amonnt of the taxed bill; or, whether it includes interest then accrued upon the costs, we are not informed. Eut large as the amount is, the plaintiff now claims interest upon that sum from that date to the 16th of March last; amounting to $313 T9.
The declaration in this case was filed on the 27th February, 1839. I cannot learn from it, when the eviction took place; but it is reasonable to conclude, it was previous to the 16th March, 1825, as the costs, were then paid, is the plaintiff entitled to interest upon those costs, from the time they were paid, up to the entry of judgment, in this case, a period of fourteen years? I *309 think not. I do not find that interest on the costs, is spoken of, or allowed in any of the cases.
This action is brought to recover the damages sustained by the eviction. What were those damages? The consideration money, with interest up to that time, and the costs then paid. The aggregate of these, constituted the amount of damages the plaintiff was entitled to recover at the time of the eviction. May he lie by for fourteen years, and then recover interest for all that time on those damages? I think not — at most, especially, where notice was not given, as in this case, interest should be allowed only from the commencement of the suit,
Ford, J.
The rule of assessing damages for breach of covenant, either of seizin, or for quiet enjoyment, or warranty of title, after an eviction by legal proceedings, is to allow first, the amount of the consideration paid for the land: Secondly, interest thereon for so many years as the plaintiff will be liable for mesne profits; and, thirdly, the taxable costs paid in defending the suit which terminated in his eviction. Baldwin v. Munn, 2 Wend. 399. This rule was fully adopted in our state, in the case of Stewart v. Drake, 4 Halst. 142, and has never been since varied. The costs of defending, as mentioned under the third head, were adjudged to be taxed costs only, and did not extend to money expended for counsel fees, any more than to money laid out in improvements. Holmes v. The Devisees of Sinnickson, 3 Green, 313.
The defendants’ counsel supposes the costs on eviction are allowed, because it was the warrantor’s duty to defend the suit, upon receiving notice of the action; and he objects to them in this case, because no notice was given to the warrantor or his representatives, of the pendency of the action. But all the cases agree in allowing the costs of eviction; and it is immaterial whether he had notice or not. His covenant to warrant and defend is not a conditional one, if he has notice; otherwise want of notice might bar the warranty itself. He covenants to defend, as absolutely as he does to warrant. The intent of notice is not to make him liable for costs, it is to make the record of eviction conclude him in respect of the title.
If a warrantor upon learning that his title was defective, should make an admission of the fact, and request the covenantee *310 not to run him to costs by making a useless defence, perhaps it might form a good exception to the general rule; but that point is not now before us, and requires no opinion to be given upon it.
Let there be allowed for damages, the amount of the consid.eration money, with six years interest thereon, and the taxed bills of cost paid in tile suit on which tiie plaintiff was evicted, and no more, except the costs of this suit.
White, Dayton, and Nevius, Justices concurred.
Judgment for plaintijf.for consideration money, with six years interest, and costs of eviction.