By the Court,

Nelson, Ch. J.
It is impossible to sustain the judgment in this case, however just and meritorious may be the claim, to the amount that has been recovered. The contract for the purchase of the land, resting in paroi, is void under the statute of frauds and cannot be the foundation of an action. I am aware of the intimation by Woodworth, J. in Burlingame v. Burlingame, (7 Cowen, *487 92,) that the plaintiff should declare on the special contract; hut it is against the vrhole scope of the doctrine of the case itself, which went to show that the plaintiff must recover, if at all, under the general counts, on the ground that the contract was void. To hold it subsisting and valid, and the breach of it a good foundation for an action at law, the same as if in writing, would be virtually overruling the statute of frauds and confounding principles that have been settled and acknowledged ever since its enactment. The true principle is this: the contract being void and incapable of enforcement in a court of law, the party paying the money or rendering the services in pursuance thereof, may treat it as a nullity and recover the money or value of the services rendered under the common counts. This is the universal rule in cases where the contract is void for any cause not illegal, if the defendant be in default.
It does not appear from the report in Burlingame v. Burlingame, whether proof was admitted of the value of the land agreed to be conveyed for the services. Having tried the cause, I well remember that it was: not, however, as an independent measure of recovery, but as an item of evidence pertinent to the question as to the value of the services rendered, and for which the land was agreed to be given in compensation. The agreement in that case settled nothing, except that the plaintiff was to work for the defendant till he was 21 years of age, (some 3 years;) in consideration of which, the 30 acres were to be conveyed. Hence the materiality of the value of the premises, as that afforded some evidence of the understanding of the defendant himself in respect to the worth of the services. I have reason to know, the learned judge who there delivered the opinion, became satisfied he fell into an error in holding that the plaintiff should have declared upon the special agreement and could not recover under the general counts; and that he afterwards agreed the true rule was as laid down at the circuit.
In the case before us, the compensation for the work to *488 be done, was fixed by the parties ; and assuming that the only remedy at law is the recovery of the value of the services thus rendered, under the general counts, it cannot exceed that amount, together with the interest. This is the rule also, where the contract is in writing and valid but has been rescinded by the parties ; and is the measure of damages, moreover, where the vendee pursues his remedy upon the contract for default of the vendor. (Gillet v. Maynard, 5 John. R. 85; Gary v. Hull, 11 id. 441; Rice v. Peet, 15 id. 503 ; Baldwin v. Munn, 2 Wend. 399; Dimmick v. Lockwood, 10 id. 142; Sugd. on Tend. 219, 222.)
It is not important to enquire, whether a vendor who fraudulently refuses to perform the contract, and conveys to a third person at an enhanced price, might not be held responsible for the improved or enhanced value of the land, in an action brought upon the contract by the vendee; because in this case the agreement being void and not the subject of an action at law, even conceding the affirmative of the question, the plaintiff could not bring himself within the principle. In pursuing his remedy here, the contract must be laid out of view, as the cause of action rests entirely upon the work and labor done under it, unaffected by any question of damages that might have been involved, in case the agreement had been valid and the action founded upon the breach of it.
Judgment reversed.