## PETERS *vs.* McKEON.

In covenant on an executory contract for the sale of lands by the vendee against the vendor, where the latter has been unable to perform in consequence of a defect in his title, the rule of damages is the same as in an action on the covenants as to title in a deed.

In such a case, the plaintiff can only recover for such part of the consideration as he may have paid, with interest.

He cannot recover the expenses of taking possession, or of commencing the cultivation of the land, though he entered pursuant to the terms of the contract.

ERROR to the superior court of the city of New-York. Peters sued McKeon in the court below in covenant on the following written agreement: On the 16th of February, 1839, the defendant contracted to sell to the plaintiff his farm at Rossville, on Staten Island, containing 72 acres, with the farming utensils and stock on the premises, and to execute, on or before the first of May then next, at the office of A. L. Jordan, in the city of New-York, to the satisfaction of said Jordan, a good and sufficient warranty deed with full covenants: on condition that the plaintiff, on delivery of the deed, should pay the defendant $3000, and secure by bond and mortgage the further sum of $1750, payable in one year thereafter with interest. The plaintiff was to have possession of the premises, if wanted, at any time after the first of April then next.

About the 6th or 8th of April next following the making of the contract, the plaintiff removed with his family and effects from Stuyvesant, Columbia county, on to, and took possesion of, the farm in question, and continued in possession until after the 17th day of May following. While in possession, the plaintiff ploughed a portion of the land, drew manure upon it, made the garden for the season, set out strawberry plants, sowed peas, oats and grass seed, and did other things upon the land.

The defendant had purchased the farm from one Adam Bradley, in 1834, who had previously purchased from the executors of James Johnson, under a power in his will. By his will, made in 1827, Johnson devised the farm to his wife for life, with a

power to his executors to sell the same *at her death ;* and the executors conveyed *before* her death.    To remedy this defect, the surviving children and several of the grandchildren of Johnson had joined in the deed to the defendant; but some of the grandchildren were not then of age and could not convey.    One of the grandchildren was still under age at the time this controversy arose, and as to him there was a covenant by a third person that he should confirm the title on coming of age.    His share was one twenty-fourth part of the property.    All the other heirs of Johnson who had not already done it, were ready to release so as to perfect the title.

As early as the 19th of April, the defendant prepared a deed in pursuance of the contract, and submitted it to the plaintiff, who objected that the property was not sufficiently described. It was described by the roads and lands adjoining.    The defendant then got the land surveyed, and described it, as the plaintiff had desired, by courses, distances and monuments.

The plaintiff attended at Mr. Jordan's office on the first day of May, ready to perform the contract on his part ; but the defendant did not appear.    Why the defendant failed was not proved ; but Mr. Jordan had about two weeks before removed his office to a different street from where it was when the agreement was made.    On the 14th of May, a deed was tendered to Mr. Jordan.    On the 15th of the same month the plaintiff wrote a letter to the defendant, objecting to the title, particularly in relation to the share of the grandchild not yet of age, and giving notice that he should quit the premises, and require the defendant to pay damages.    On the 17th of May, a proper deed was tendered to the plaintiff, who was then on the farm ; but he refused to receive it, saying it came too late : he also objected to the title, and found fault with the farm—said there were wild onions and other weeds growing on it.

The plaintiff soon afterwards quit the farm and brought this action on the contract, assigning for breach the non-conveyance of the farm on the first day of May.    In his declaration, and by his proofs, he claimed to recover the expenses of removing

from Columbia on to the farm, and the expenses and value of his labor in planting and sowing the land while in possessi on, amounting in all to several hundred dollars. The defendant offered to prove what the farm was worth in May, 1839 ; but the plaintiff objected, and the judge excluded the evidence.

The judge charged the jury, in substance, that if the defendant wilfully and designedly neglected to convey on the first day of May, the plaintiff was entitled to recover all the damages which he had sustained by the breach of the contract : that unless the non-performance was wilful and intentional, the plaintiff was entitled to nominal damages only : that if the jury believed that the omission was accidental or inadvertent, and that before the plaintiff moved off the farm, or any circumstances had occurred materially varying the condition of things, the defendant had fairly tendered a conveyance of all the title which he had the power or ability to grant, and the plaintiff had refused to receive it, the plaintiff could not recover any of the special damages of which he had given evidence. The judge also told the jury that no bad faith on the part of the defendant in making the contract was alleged or pretended by the plaintiff. The plaintiff excepted to the charge. Verdict in his favor for six cents damages. Judgment, that the plaintiff recover the damages assessed by the jury ; and that the defendant recover costs. The plaintiff brings error.

*C. P. Kirkland & A. L. Jordan*, for the plaintiff in error. 1. The rule forbidding a recovery for the increased value of the land, and for permanent improvements, applies only to executed sales, and not to executory contracts. Though the plaintiff in this case claimed to recover only for actual expenses, it is important to ascertain the extent of the rule referred to. (*Staats* v. *Ex's of Ten Eyck*, 3 *Caines*, 111 ; *Pitcher* v. *Livingston*, 4 *John.* 1 ; *Morris* v. *Phelps*, 5 *id.* 49 ; *Gillett* v. *Maynard*, *id.* 85 ; *Waldo* v. *Long*, 7 *id.* 173 ; *Caulkins* v. *Harris*, 9 *id.* 324 ; *Bennet* v. *Jenkins*, 13 *id.* 50 ; *Dimmick* v. *Lockwood*, 10 *Wend.* 142 ; *Kinney* v. *Watts*, 14 *id.* 38 ; *Duvall* v. *Craig*, 2 *Wheat.* 65, *note* ; *Hopkins* v. *Lee*, 6 *id.* 109 ; *Marston* v. *Hobbs*

2 *Mass.* 433; *Bickford* v. *Page, id.* 455; *Gore* v. *Brazier,* 3 *id.* 523; *Flureau* v. *Thornhill,* 2 *W. Bl.* 1078.)

2. Such expenses as were claimed in this case were proximate damages, and were clearly recoverable. (1 *Saund. Pl. and Ev.* 136; *Nurse* v. *Barns, T. Ray.* 77; *Driggs* v. *Dwight,* 17 *Wend.* 71; *Bennett* v. *Lockwood,* 20 *id.* 223; *Clark* v. *Pinney,* 7 *Cowen,* 681; *Hopkins* v. *Grazebrook,* 6 *B. & C.* 31.)

3. The judge erred in excluding from the consideration of the jury the question whether the defendant acted in bad faith in making the contract. The motive which led him to break it should have no influence on the damages; but if he entered into it knowing that he could not make a good title, he ought to make good every description of injury which the plaintiff has sustained.

*C. O'Conor,* for the defendant in error. The rule is well settled, that in an action on the covenants for title in a deed of lands, the covenantee can recover nothing more than the consideration money. Where the suit is on an executory contract to convey land, the rule must necessarily be the same. (*Baldwin* v. *Munn,* 2 *Wend.* 399; *Blanchard* v. *Ely,* 21 *id.* 346.) One who fraudulently contracts to put off a bad title, would doubtless be liable in damages to the party injured, but then the action must be case for the deceit. No such claim is set up in the declaration in this cause. So, one who is able to make a good title and perversely refuses to convey, may be liable for damages of the character claimed. Such was the case of *Driggs* v. *Dwight,* (17 *Wend.* 71.) But the jury have found against the existence of such a fact here.

*By the Court,* BRONSON, Ch. J. When the title to real estate fails after an executed contract of sale, the measure of damages, in an action on the covenants of seisin and for quiet enjoyment, is the consideration money paid, with interest for so long a time as the vendee may be compelled to pay for mesne profits, and the costs of the suit by which he was evicted. He

can recover nothing for increased value, nor for improvements made on the land. (*Staats* v. *Executors of Ten Eyck,* 3 *Caines,* 111; *Pitcher* v. *Livingston,* 4 *John.* 1; *Kinney* v. *Watts,* 14 *Wend.* 38; *Kelly* v. *Dutch Church,* 2 *Hill,* 115.) And on an executory contract for the sale of lands which the vendor believes to be his own, and where there is no fraud on his part, if the sale falls through in consequence of a defect of title, the measure of damages is substantially the same as it is in the case of an executed sale. If the vendee has paid any part of the consideration, he may recover back the money, with interest. But he can recover nothing for the loss of a good bargain. (*Flureau* v. *Thornhill,* 2 *W. Black.* 1078; *Baldwin* v. *Munn,* 2 *Wend.* 399. *And see Walker* v. *Moore,* 10 *B. & C.* 416.) And he cannot, I think, be entitled to the expenses which may have been incurred in removing to the land, or in making improvements upon it, whether of a permanent or temporary nature. There is no reason in favor of such an allowance, which would not apply with equal force had the title failed after a deed had been given; and in that case it is entirely settled that such expenses cannot be recovered.

It may be added, that in this case the plaintiff did not act with sufficient caution. He should have looked into the title, and ascertained whether it was likely to prove satisfactory before he took possession of the property under the contract. On this ground the case of *Walker* v. *Moore,* (10 *B. & C.* 416,) fully sustains the judgment of the court below.

In *Hopkins* v. *Grazebrook,* (6 *B. & C.* 31,) the defendant was held liable on the ground that he had contracted for the sale of lands to which he had no color of title. In *Driggs* v. *Dwight,* (17 *Wend.* 71,) the bargain did not fall through in consequence of any defect of title. The defendant perversely refused to perform his contract, when there was no obstacle in the way. The damages which the plaintiff recovered resulted from the fraudulent conduct of the defendant. *Nurse* v. *Barns,* (*T. Ray.* 77,) is also a case where the defendant wrongfully and without excuse, refused to perform his contract, and kept

the defendant out of possession. We see nothing in the cases cited by the plaintiff's counsel which conflicts with the decision of the superior court.

Judgment affirmed.