OLIVER STANTON AND OTHERS, RESPONDENTS, *v.* GEORGE
W. MILLER, EXECUTOR, ETC., OF MARY MILLER,
DECEASED, IMPLEADED, ETC., APPELLANT.

*Contract to convey land — breach of — measure of damages.*

One Stanton, residing in Canada, entered into a contract with a Mrs. Miller,
residing in Rochester, by which the former agreed to move with his family
to Rochester, there to reside with and take care of Mrs. Miller during her life,
she agreeing to give the house and lot where she lived to some member of his
family, after her death, to be designated by her either by a deed or by will.
Stanton moved to Rochester and performed the contract on his part, until
prevented by Mrs. Miller, who died without having designated any member
of his family to whom the house and lot should go.

In an action brought by Stanton, his wife and four daughters, to compel a specific
performance, it was found that the consideration for the conveyance of the
real estate was very inadequate, and that there were other inequitable cir-
cumstances attending the transaction, and a specific performance was refused;
but it was held that plaintiffs, or some of them, were entitled to damages for
a breach of the contract.

Upon the trial of an issue framed for the purpose of determining such damages,
the court charged that the plaintiffs were entitled to recover the value of the
house and lot, with interest from the death of Mrs. Miller.

*Held,* that this was error, that they were only entitled to recover the value of
the services rendered, moneys furnished, and expenses incurred in pursuance
of the contract.

APPEAL from a judgment of the Special Term in Monroe county,
after the verdict of a jury, upon issues framed, fixing the amount of
damages sustained by the respondent herein.

The action was commenced by the respondent, his wife, and
their four daughters, against the appellant, individually, and Oliver
M. Benedict (since deceased), to compel the specific performance
of a contract made by Mrs. Miller, the mother of the appellant,
for the conveyance of certain real estate, by requiring Benedict to
deliver a deed of said real estate, which Mrs. Miller had executed
and left with him, in escrow, and by compelling the appellant to
deliver the possession of said real estate. The contract was made
23d June, 1870, between Mrs. Miller, residing in Rochester, and
Oliver Stanton, who resided in Cobourg, Canada. The substance
of the contract was, that Stanton was immediately to remove with

his family to the house of Mrs. Miller, in Rochester (she being an invalid and being alone with her servants), and keep house for her and take care of her, during her life, she to assure to him and his family her house and lot after her death, and to secure the title by placing a deed in escrow, or by will, the title to be given to such member of Stanton's family as Mrs. Miller should choose. The terms of the contract, and the other material facts, are stated in a report of the case in 58 N. Y. R., 192 (*Stanton* v. *Miller.*)

The cause was tried at a Special Term in Monroe county in March, 1871. It was found that the plaintiff, Stanton, had performed the contract in part, and until prevented by Mrs. Miller; but that the consideration for the real estate was very inadequate, and that other inequitable circumstances existed, and it was decided that the plaintiffs were not entitled to a specific performance, but that they, some, or one of them, were entitled to compensation for their damages in the premises, and to have the amount of their damages ascertained in this action, and for that purpose liberty was given the plaintiffs to move that the legal representative of Mrs. Miller be made a party, and also to move for a reference, or that an issue be framed to determine such damages. To that end the defendant, Miller, as executor of the will of his mother, was subsequently made a party, and an issue was ordered to be tried by a jury, to determine the amount of the damages sustained by the plaintiff, Oliver Stanton.

On the trial of the issue, at the Monroe Circuit, in January, 1877, the jury rendered a verdict, fixing the damages at the sum of $8,549.50. The judge charged the jury that the plaintiff stands in the case as though the contract had been fully performed by him (he having performed until prevented by Mrs. Miller, and having tendered a full performance), and that the rule of damages is the value of the house and lot, with interest from the time when he would have been entitled to possession, upon the death of Mrs. Miller. The defendant requested the court to charge that the measure of damages to which Stanton is entitled is the value only of the services rendered, things furnished, and expenses incurred, in pursuance of the contract, and interest thereon. The request was refused. The defendant's counsel excepted to the charge and refusal.

*G. W. Miller*, appellant, in person.

*G. F. Danforth*, for the respondents

SMITH, J.:

The question in this case is as to the measure of damages. The most favorable light for the respondent in which the contract can be viewed, is to treat it as an agreement for the sale to him of the house and lot. The general rule, in this State, in the case of executory contracts for the sale of land, is that, in the case of breach by the vendor, the vendee can recover only nominal damages, unless he has paid part of the purchase-money, in which case he can also recover such purchase-money, and interest. (*Baldwin* v. *Munn*, 2 Wend., 399; *Peters* v. *McKeon*, 4 Den., 546; *Conger* v. *Weaver*, 20 N. Y., 145; *Mack* v. *Patchin*, 42 id., 167; *Margraff* v. *Muir*, 57 id., 155.) To this rule there are exceptions, based upon the wrongful conduct of the vendor, which are stated by Judge EARL, in the case last cited, as follows: "As if he is guilty of fraud, or can convey, but will not, either from perverseness or to secure a better bargain, or if he has covenanted to convey when he knew he had no authority to contract to convey, or where it is in his power to remedy a defect in his title, and he refuses or neglects to do so, or where he refuses to incur such reasonable expenses as would enable him to fulfill his contract. In all such cases, the vendor is liable to the vendee for the loss of the bargain, under rules analogous to those applied in the sale of personal property." But can a vendor be said to act wrongfully, and to be within the exceptions to the rule, who refuses to perform an agreement which a court of equity pronounced hard and inequitable (as did the Special Term in this case), and in which the consideration is grossly inadequate? If he is required to pay the value of the land, he is not relieved from the inadequacy of the consideration, and the more grossly inadequate the price the larger the profit of the vendee. It may be said that the Court of Appeals, in affirming the judgment of the Special Term, put their decision solely upon the ground that the contract was uncertain in respect to the persons to whom the title was to be conveyed or devised, Mrs. Miller not having made a designa-

tion, in her lifetime, by any irrevocable and unrevoked act. But there is nothing in the opinion delivered in the Court of Appeals (58 N. Y., 192), indicating that the views expressed in the opinion at Special Term were regarded as unsound. Assuming, however, that the only ground for refusing to decree a specific performance is the uncertainty of the contract, even then Mrs. Miller is not chargeable with bad faith in revoking the designation made by her, since the fact is found (and stress is laid upon it in the opinion of the Court of Appeals), that at the time of executing the contract, she was advised by her counsel, who drew it, that she could put an end to it whenever she chose to do so, subject only to liability for damages, and she relied upon that advice in entering into it; and the further fact is found that, when she refused to let Stanton go on, she offered to pay him damages. If the action had been brought against Mrs. Miller in her lifetime, upon her refusal to let Stanton perform the contract, would she have been liable in damages for the value of the house and lot?

But the agreement was not one for the sale of the house and lot to the respondent, Oliver Stanton. He has not lost the profit of any bargain. The agreement did not secure to him the right to the house and lot. Had the title been conveyed to his wife, or either of his daughters, the agreement would have been satisfied. The most that he can claim, therefore, in any event, is compensation for the services done, things furnished, and money expended in performing the contract. That, we conceive, was the true measure of his damages, and the defendant was entitled to have the jury instructed according to his request.

The judgment should be reversed, and a new trial of the issue ordered before a jury at a Circuit in Monroe, the question of costs to be reserved.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.