## FLETCHER *v.* BUTLER.

### (*Supreme Court, General Term, Fourth Department.* July, 1888.)

1. CONTRACT—PERFORMANCE—SALE OF LAND.

Defendant made a written contract to sell land to plaintiff, which was lost before the trial. The undisputed evidence tended to prove that the contract bound defendant to convey either to plaintiff or his wife, dependent on which one should pay the purchase money. The wife paid all the money, which was partly her own earnings and partly money earned and furnished by their children, some of whom were minors, but in what proportions did not appear. Plaintiff claimed to have furnished some of the money, but whether such was the case did not appear from the findings of the court. Defendant conveyed to the wife, and plaintiff sued for a breach of the contract. *Held*, that plaintiff could not recover, as, if the contract contained the provision allowing the conveyance to be made to the wife, there was no breach.

2. SAME—MEASURE OF DAMAGES.

Whether the contract contained such provision or not, the plaintiff could recover no more than nominal damages, it not being shown that he paid any of the purchase money, or that the land was worth more than the contract price.

Appeal from Oneida county court.

Action by John Fletcher against Chauncey S. Butler for damages for a breach of a contract to convey land. Judgment for plaintiff, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and FOLLETT, JJ.

*Wm. Kernan,* for appellant. *H C. Sholes,* for respondent.

MARTIN, J. In or about July, 1878, the defendant Chauncey S. Butler made a written contract with the plaintiff and the defendant Alice Fletcher, who is the plaintiff's wife, for the sale of the premises described in the complaint, for the sum or price of $600. This contract was lost or destroyed, and therefore not presented on the trial. The defendant's evidence tended to show that it contained a provision that the one who paid the purchase price, whether the plaintiff or his wife, should have the deed of the premises. This evidence was not disputed by the plaintiff. The purchase price was wholly paid by Mrs. Fletcher. The defendant Butler gave her the deed. The money employed in making such payments was in part earned by Mrs. Fletcher, in her own separate business or employment, and the remainder was given to her by their children. Some of the children, who thus earned a portion of the money to make such payments, had attained their majority; others had not. What proportion of the purchase price was derived from Mrs. Fletcher's own earnings, or what portion was furnished by the children, respectively, does not definitely appear, either from the evidence or findings of the court. The plaintiff claimed that he had furnished some portion of the money that was used to pay for said premises, but the decision of the court wholly fails to show what portion, if any, was furnished by him. The court, without any proof or finding that the plaintiff had paid any particular sum or portion of such purchase price, or that he had offered or tendered payment of any portion thereof, held and decided that the plaintiff was entitled to a judgment for $300, and interest from October 12, 1885. The action was for damages for the breach of the contract.

It is difficult to perceive upon what theory the court below held the plaintiff entitled to the damages awarded. If it be true that the contract contained the provision that the deed was to be given to the party paying the consideration,—and it was paid by Mrs. Fletcher, to whom the deed was given,—then it would seem quite obvious that the plaintiff could not recover in this action, as there was no breach of his contract by the defendant Butler. But if that provision was not in the contract, still it is equally difficult to discover how

this judgment can be sustained. Upon what principle can the plaintiff recover the amount awarded him in this action? If he has paid anything on this contract, the amount has not been ascertained, and there is certainly no evidence which would justify a finding that he had paid or is entitled to the amount awarded. Where such a contract is broken by the vendor, without fraud or misconduct on his part, the purchaser can recover only nominal damages, unless he has paid part of the purchase price, in which case he can recover it back with interest. *Conger* v. *Weaver*, 20 N. Y. 140; *Margraf* v. *Muir*, 57 N. Y. 155; *Cockcroft* v. *Railroad Co.*, 69 N. Y. 201; *Nelson* v. *Heermans*, 11 Wkly. Dig. 48. If the vendor is guilty of fraud or misconduct, then the purchaser can recover the amount paid by him, with interest, together with the difference between the contract price and the actual value of the land at the time of the breach. *Bush* v. *Cole*, 28 N. Y. 261; *Pumpelly* v. *Phelps*, 40 N. Y. 59; *Timby* v. *Kinsey*, 18 Hun, 255. If the former rule is applicable in this case, the judgment cannot be sustained, because there is no proof that the plaintiff paid the sum awarded; but, on the contrary, the proof is that he paid nothing, or, at most, a very small sum. If the latter rule applies, still the judgment cannot be sustained, as the court has found the value of the premises to be only $600, which was the contract price, and hence the plaintiff could recover no more under the latter rule than under the former. These considerations lead us to the conclusion that the learned county judge erred in awarding to the plaintiff the sum of $300, and interest, and that for such error the judgment appealed from should be reversed, with costs to abide the event. Judgment of the county court reversed, and new trial granted with costs to abide the event. All concur.