HANNIBAL AND ST. JOSEPH RAILROAD COMPANY *vs.* SIDNEY BARTLETT & others, trustees.

Suffolk.    May 4. — June 26, 1877.    LORD & SOULE, JJ., absent.

Under the St. of Missouri of December 10, 1855, § 18, providing that "after the Hannibal and St. Joseph Railroad shall be completed, equipped and in operation, said road shall be required to pay into the treasury of the state the surplus proceeds of all land sales, or such other securities as may be provided by the company, in a deed of trust or otherwise, in a place to be adopted by said company, to raise funds to complete the road," only so much of such proceeds is to be paid to the state as remains after deducting the amount of all expenses and obligations lawfully incurred by the corporation in completing, equipping and putting in operation its railroad, including sums advanced by the corporation to trustees for expenses of the management, surveying and disposing of lands granted by Congress and included in deeds of trust, and for taxes thereon, and to satisfy reclamations on bad titles and other incidental expenses; sums paid, either in money or in stock, to discharge the bonds issued by the corporation, and secured by deeds of trust, and the interest on such bonds; and sums paid and obligations incurred to other parties than the state to raise money to complete the road and not secured by mortgage thereof.

GRAY, C. J.    The Hannibal and St. Joseph Railroad Company was incorporated by an act of the Legislature of Missouri of February 16, 1847, with authority to construct, maintain and operate a railroad about two hundred miles long from Hannibal to St. Joseph, both in that state.

By an act of February 22, 1851, the Legislature of Missouri, for the purpose of expediting the construction of this railroad, authorized a loan of the credit of the state to the amount of a million and a half of dollars, by issuing to the corporation, from time to time, in amounts of fifty thousand dollars, bonds bearing interest at the rate of six per cent., upon satisfactory evidence that the corporation had expended in the actual construction of its road a like amount collected on its capital stock, and made the obligation of the corporation to pay those bonds and interest

a first mortgage upon the road and its appurtenances and upon the net income thereof.

By an act of Congress of June 10, 1852, the United States granted to the State of Missouri alternate sections of the public lands on each side of the road, to be exclusively applied to the construction thereof, and to be disposed of only as the work progressed, and, if the road should not be completed within ten years, the lands unsold to revert to the United States. And the State of Missouri, by a statute of September 20, 1852, and subject to the provisions of the act of Congress, granted these lands to this corporation, and authorized it, for the purpose of raising funds, from time to time, for the construction and completion of the road, and the purchase of iron and other materials to be used thereon, to issue bonds, payable at such place as it might designate and secured by mortgage of these lands.

By a statute of Missouri of February 23, 1853, it was enacted that " the said company shall have power, from time to time, to borrow such sums of money as may be necessary, subject to the prior lien of the state, for completing and finishing or operating their railroad, and to issue and dispose of their bonds for any amount so borrowed, and to mortgage, if necessary, their corporate property and franchises, or any part thereof, to secure the payment of any debt contracted by the company for the purposes aforesaid ; and the directors of the company may confer, on any holder of any bonds issued for money borrowed as aforesaid, the right to convert the principal due or owing thereon into stock of said company, at any time, not exceeding ten years from the date of the bond, under such regulations as the directors may see fit to adopt."

On December 10, 1855, the Legislature of Missouri passed an act, entitled " an act to secure the completion of certain railroads in this state," reciting the passage of the act of 1851 and other acts lending the credit of the state to this and other railroad corporations ; " and whereas the amount so loaned, together with all the private stock that can be raised from subscriptions, is insufficient to complete the aforesaid roads ; and whereas, for the amount of state credit so loaned to each road respectively, the state holds a statutory mortgage upon each road, which is a prior lien thereon ; and whereas it is deemed important to the

interest of the state that the aforesaid roads should be completed in the shortest practicable time ; and whereas it appears that the state's prior lien is an impediment to the credit of the several companies in raising further large sums, which are necessary to complete their roads, while the present loan, with all the private stock as aforesaid bound under the state's prior lien, will not amount to one half of the amount necessary to complete said roads ; therefore " enacting that whenever the Hannibal and St. Joseph Railroad Company should have drawn and expended the whole amount of the former loan, a further loan of the credit of the state, to the amount of a million and a half of dollars, should be made to this corporation in bonds of the state at a rate of interest not higher than seven per cent., upon like proof of investment as in the act of 1851, " except as to the. amount shown to have been invested in the construction of the road from private stock, or sources other than the proceeds of state bonds, and not secured by a prior lien to that of the state on the road and its appurtenances," and upon the condition of a first lien or mortgage as contained and reserved in that act ; requiring certain payments to be made annually by the corporation to create a sinking fund, as additional security for the payment of the interest and principal of such bonds ; providing that, upon a failure of the corporation to pay interest, no further bonds of the state should be issued to it ; and containing the following section :

" Section 18.   After the Hannibal and St. Joseph Railroad shall be completed, equipped and in operation, said road shall be required to pay into the treasury of the state the surplus proceeds of all land sales, or such other securities as may be provided by the company, in a deed of trust or otherwise, in a place to be adopted by said company, to raise funds to complete the road, to be applied by the treasurer to the retiring of the bonds of the state, issued and loaned to said company under this or former acts."

The plaintiff, in 1856, in order to raise funds to aid in the construction of its railroad, made an issue of its so called land grant bonds, to the amount of five million dollars, bearing semiannual interest and payable in 1881 ; and, in order to secure the principal and interest of these bonds to the holders thereof, executed and delivered to Sidney Bartlett and others, as trustees for such

bondholders, a deed of trust and mortgage, conveying all its estate, right and interest in the lands granted by Congress in aid of the construction of its road; and in 1858 made an additional issue of its bonds, to the amount of a million and a half dollars, payable in 1883, and secured by a like deed of trust and mortgage, to H. Hollis Hunnewell and others as trustees. All these bonds were duly sold and negotiated by the corporation, and the proceeds thereof applied towards the cost of constructing and completing its railroad.

Within ten years of the passage of the act of Congress of 1852, that is to say, by September, 1859, the corporation duly constructed and completed its railroad, and has ever since maintained and operated the same for public travel and transportation.

By an agreement between the corporation and the bondholders in 1863, preferred stock in the corporation was issued for thirty per cent. of the principal of the bonds of the first issue and forty per cent. of the bonds of the second issue. Large portions of the lands embraced in the deeds of trust have been sold and conveyed by the trustees, and the proceeds thereof applied by them according to the provisions of the deeds. Either by the issue of preferred stock as aforesaid, or by such payments, the whole amount of such bonds has now been paid, taken up and satisfied.

This bill is brought against the trustees under the deeds of 1856 and 1858, to terminate the trust, and to compel them to account, and to pay and transfer to the plaintiff all the money, lands and securities remaining in their hands. The State of Missouri has been admitted as a party defendant to the bill, and it is agreed that the state may have the same relief in this suit as if a cross bill had been filed.

The decision of the case depends upon the true construction of the eighteenth section of the statute of 1855, in the light of the facts already stated, and is more important for the amount involved than for any intrinsic difficulty in the question to be decided.

The fund, out of which the payment to the State of Missouri is to be made, as defined in that section, is the "proceeds of all land sales, or such other securities as may be provided by the

company, in a deed of trust or otherwise, in a place to be adopted by said company, to raise funds to complete the road." The fund must therefore be derived from the proceeds of sales of lands, or from the proceeds of such other securities as may be provided by the company by deed of trust or other like instrument.

But the corporation is not required to pay to the state the whole of such fund or proceeds. It is to pay only the " surplus " thereof, " after the Hannibal and St. Joseph Railroad shall be completed, equipped and in operation." The necessary implication appears to us to be that only so much of such proceeds is to be paid to the state, as remains after deducting the amount of all expenses and obligations lawfully incurred by the corporation in completing, equipping and putting in operation its railroad, and that the amount so to be deducted must include the following items : 1st. Sums advanced by the corporation to the trustees, for expenses of the management, surveying and disposing of the lands granted under the act of Congress and included in the deeds of trust, and for taxes thereon, and to satisfy reclamations on bad titles, and other incidental expenses. 2d. Sums paid, either in money or in stock, to discharge the bonds issued by the corporation and secured by the deeds of trust, including the interest on such bonds, the accruing of which gave time for a rise of value in the lands, and which, as much as the principal, was a part of the cost of constructing the road. 3d. Sums paid and obligations incurred to other parties than the state, to raise money to complete the road, which, though not secured by mortgage thereof, were equally a part of the cost of its construction. This result, which appears to us to be required by the terms of this section, carries out the main purpose of all the legislation upon the subject.

The court understands it to be admitted that the deduction of these sums, from the proceeds of the sales of lands and of the securities in the hands of the trustees, will leave no surplus to which the State of Missouri can in any form be entitled. But as the reasonableness, as well as the amount, of the expenses and obligations incurred by the plaintiff may be a subject of controversy, the proper order will be that, for the purpose of stating the account between the parties, the

*Case be referred to a master.*

*E. R. Hoar & J. A. Hockaday* (of Missouri), for the plaintiff.

*S. Bartlett*, for the trustees.

*B. F. Thomas*, for the State of Missouri.