D. PRESTON ATWOOD *vs.* KATE N. WALKER.

Hampden.    December 5, 1900. — September 18, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Conflict of Laws.*

The defendant agreed to convey to the plaintiff for the price of $6,000 certain land and buildings in Massachusetts, and the contents of the buildings. The contract was made in New York and the deed was to be delivered and the money paid at the office of the defendant's agent there. The defendant was unable to give a good title, but made the contract in good faith being unaware of the defect. By the law of New York the plaintiff could recover in such a case only nominal damages and expenses, while in Massachusetts he could recover his loss of profit. *Held,* that the measure of damages was to be determined by the law of New York where the contract was made and to be performed, and that there was nothing in our procedure or mode of administering remedies to make these damages more or less.

CONTRACT for breach of an ageement to convey to the plaintiff certain real estate in Belchertown in the county of Hampshire and certain personal property contained in the house and barn on the premises for the price of $6,000. Writ dated June 3, 1896.

At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff in the sum of $7,271; and the defendant alleged exceptions, which are stated in the opinion of the court.

*E. H. Lathrop*, for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

LATHROP, J. 1. The first question arising in the case is whether the defendant has any ground of exception to the refusal of the judge of the Superior Court to give the three instructions requested, and to the ruling given. It may be admitted that enough does not appear in the bill of exceptions as originally allowed; but enough appears from the amended bill of exceptions to show that the points were duly taken at the trial that the contract in question was a New York contract, and that damages for a breach of it should be assessed in accordance with the rule established in New York, and not by the rule in Massachusetts. It also appears that the defendant's counsel was about to read authorities, which he stated established the New York rule, when the judge said he did not care to hear them, and that, whatever might be the New York rule, he should instruct the jury to assess the damages in accordance with the rule established in Massachusetts. The bill of exceptions sets forth that the defendant states that the authorities were as follows, giving a list of them, and the judge adds that he has no doubt of the correctness of the statement, but has no minutes in regard to the authorities, and no memory further than that authorities were produced.

It seems to us clear that it is open to the defendant to argue the questions of law presented. The defendant was cut off from putting in evidence as to the law of New York, the judge considering it immaterial on the question of damages. We are of opinion that it sufficiently appears by the amended bill of exceptions what this evidence was.

2. Coming to the merits of the case, the action is brought for

breach of a contract to convey to the plaintiff certain land and personal property situated in Belchertown in the county of Hampshire, in this Commonwealth. The purchase price was $6,000. The value of the personal property, as agreed for the purposes of the trial, was $2,000. The plaintiff was a resident of New Haven, Connecticut, temporarily residing in Springfield, and the defendant was a resident of New York. The plaintiff and the defendant never met, and the negotiations on the part of the defendant were conducted by William Man of New York city, and in New York, who was the agent and attorney of the defendant there. There were various letters between the plaintiff and Man, which contain the alleged contract; and there were verbal negotiations between the plaintiff and Man at the office of the latter in New York. The defendant was unable to give a good title to the real estate without fault on her part. It appears from the testimony of the plaintiff that the deed was to be delivered and the money paid at the office of Mr. Man in New York.

We are of opinion therefore that the judge should have given the first instruction requested, namely : " Upon all the evidence, the jury must find that the contract was made in New York and to be executed there." We infer that the judge did not give this instruction because he did not consider it material.

3. The second and third instructions requested may be considered together, and were as follows: "2. If the jury find that the contract for the sale of the real estate was made in New York, and to be executed there, and the defendant, believing herself to have a good title, agreed to convey the same, believing that she was able so to do, the plaintiff can recover no damages except his reasonable counsel fees for examining title and necessary expenses connected therewith. 3. If the contract was made in New York by the defendant, and to be executed there, and was made by her in good faith, the contract price is conclusive, and the plaintiff having paid nothing can recover nothing."

The presiding judge refused to rule as requested, but instructed the jury that if the contract was made and the defendant failed to carry it out, or refused so to do, by reason of inability to give a good title, the plaintiff could recover the

amount, if any, by which the fair market value of the real estate exceeded, if any, the purchase price. The jury found for the plaintiff in the sum of $7,271.

The defendant's exceptions are not only to the refusal to rule as requested, but also to the ruling given. It is apparent from the amount of the verdict that if there was error on the part of the judge the defendant has a very substantial grievance.

The first question is as to the law of New York, and this is to be determined from the authorities put in evidence by the defendant, the plaintiff having put in no evidence on this subject. An examination of the authorities cited shows that in New York, in an action for breach of an agreement to convey land, if the defendant has acted in good faith, believing that he had a good title, and he is unable to convey on account of a defect in his title, only nominal damages can be recovered. *Baldwin* v. *Munn*, 2 Wend. 399. *Peters* v. *McKeon*, 4 Denio, 546. *Conger* v. *Weaver*, 20 N. Y. 140. *Margraf* v. *Muir*, 57 N. Y. 155. *Cockcroft* v. *New York & Harlem Railroad*, 69 N. Y. 201.

Where the vendee has paid the purchase money in whole or in part, so much as is paid may be recovered back. *Fletcher* v. *Button*, 6 Barb. 646. So, too, the vendee may recover for the expense of examining the title, if any such expense has been incurred. *Northridge* v. *Moore*, 118 N. Y. 419.

If, however, a person contracts to sell lands which he knows at the time he has not the power to sell and convey, he is liable to make good to the vendee the loss of his bargain; and it does not excuse the vendor that he may have acted in good faith, and believed when he entered into the contract that he would be able to procure a good title for his purchaser. *Pumpelly* v. *Phelps*, 40 N. Y. 59.

There is nothing in this case to show that the defendant acted in bad faith or that she knew of the defect in her title. The second request states the law in New York with substantial accuracy, as we understand the facts of the case. The third request states the law in New York too broadly.

The New York decisions follow the English rule as laid down in *Flureau* v. *Thornhill*, 2 W. Bl. 1078, *Bain* v. *Fothergill*, L. R. 6 Ex. 59, and L. R. 7 H. L. 158, and in other cases. The English and the New York rule differs from that which generally

prevails in this Commonwealth. *Roche* v. *Smith*, 176 Mass. 595, 598.

The contract, for breach of which damages are sought in this case, was made in New York, and was to be performed there. The land is situated in Massachusetts, and the action is brought here. The question then arises whether the damages are to be assessed according to the *lex fori*, the *lex rei sitœ*, or the *lex loci contractus*.

As to the *lex fori*, the general rule is that all matters touching the remedy and the mode of procedure, including the admission of evidence and the probative force of evidence, are to be governed by the *lex fori*, with some exceptions. See Minor, Confl. Laws, §§ 205 *et seq.* So where interest is allowed as damages for delay, and not as a part of the contract, it has been held that the amount to be allowed depends upon the *lex fori*. *Barringer* v. *King*, 5 Gray, 9. *Ayer*. v. *Tilden*, 15 Gray, 178. *Hopkins* v. *Shepard*, 129 Mass. 600. *Clark* v. *Child*, 136 Mass. 344. See however *Ex parte Heidelback*, 2 Low. 526.

As to the *lex rei sitœ*, it may be said that it governs in many respects. It has this effect as to the title and seisin ; and a deed or will made in one State, purporting to convey or transfer land in another, must be in the form and according to the formalities prescribed by the law of the latter State.

But the distinction between a conveyance of land and a covenant to convey land was pointed out and enforced in *Polson* v. *Stewart*, 167 Mass. 211, and it was held that a covenant between a husband and wife valid in the State where it was made, but which would have been invalid if made in this Commonwealth, might be enforced here. So in *Glenn* v. *Thistle*, 23 Miss. 42, where a contract was made in one State for the purchase of land lying in another, and the money was to be paid in the State in which the contract was made, it was held that the *lex rei sitœ* governed as to the title of the land, and the *lex loci contractus* as to the effect of a failure of consideration. See also *Pritchard* v. *Norton*, 106 U. S. 124.

It is a general rule that in all that relates to the nature, validity and interpretation of a contract, the *lex loci contractus* governs; and that contracts are presumed to be made with reference to the law of the place where they are entered into,

unless they are entered into with reference to the law of some other State or country. See *Baxter National Bank* v. *Talbot*, 154 Mass. 213, 216, and cases cited.

So the *lex loci contractus* governs in all matters relating to the substantive rights of the parties. Minor, Confl. Laws, §§ 305–308. *Pritchard* v. *Norton*, 106 U. S. 124. The rights which are given by a contract, and which become fixed and definite immediately upon a breach of the contract, as a necessary result of giving the contract its true meaning and effect, are of a different kind from damages given for delay ; and these rights will be enforced by a foreign jurisdiction, if there is nothing in them against its views of public policy.

. In the present case the New York contract was to convey a certain piece of land. Its meaning and effect, according to the law applicable to it, is that the defendant, acting in good faith, if it turns out that she is unable to make a good title, will not give to the plaintiff the profits of his bargain, but will save him from loss, and put him in as good a position as if the contract had not been made. This is the true interpretation of the contract, reading it in connection with the law that determines its effect. The contract cannot be made a different contract, or given a greater effect by bringing an action upon it in another jurisdiction. The rights of the parties are fixed by the writing and the law by which it is to be interpreted. When the breach occurred, the details of the damages were immediately fixed by the writing, the law and the conditions then existing. When the present action was brought, it was to recover the damages due under the contract. These damages grew out of a contract and transactions which had been concluded in New York, and were the cause of action on which the plaintiff seeks to recover here. There is nothing in our procedure, or in our mode of administering remedies, that can make these damages more or less. See *Ayer* v. *Tilden*, 15 Gray, 178, 184, per *Hoar*, J.; *Ex parte Heidelback*, 2 Low. 526, 530.

We are of opinion, therefore, that the rule of damages adopted at the trial was wrong, and that the order must be

*Exceptions sustained.*