## LYNN MURPHY'S CASE.

Suffolk. February 9, 1967. — March 10, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Interest, Decree. *Proximate Cause. Statute,* Retroactive statute. *Interest. Words,* "Compensation."

Evidence, including the opinions of two physicians, in a workmen's compensation case warranted a finding that peritonitis suffered by the claimant following a double operation for an employment connected hernia and for appendicitis was causally related to the hernia. [233–234]

Interest payable under § 50 of the Workmen's Compensation Act, G. L. c. 152, is not a part of the "compensation payable to an injured employee" within § 2A, so that the increase in interest provided by the amendment of § 50 by St. 1965, c. 616, was applicable in determining the award of interest after the effective date of the amendment in the case of an employee injured before such effective date. [234–235]

A final decree in a workmen's compensation case which awarded compensation, fees and costs in accordance with those ordered to be paid by the reviewing board was formally adequate notwithstanding that it did not in terms refer to the decision of the board. [235]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the Workmen's Compensation Act.

The case was heard by *O'Malley, J.*

*Daniel A. Canning* for the insurer.

*Warren H. Pyle* for the claimant.

WHITTEMORE, J. 1. We cannot rule that there was no evidence to connect the claimant's peritonitis, following a

double operation for hernia and appendicitis, with the employment connected hernia. Two physicians gave opinions adequate to support the single member's finding. We may not weigh the testimony of the surgeon, called by the insurer, tending to show that the appendicitis arose from usual causes of infection of the appendix, unrelated to the hernia; that the operation was separate from the repair of the hernia; and that the peritonitis came from the appendectomy.

2. The injury occurred December 28, 1961. The claim was filed May 3, 1962. The final decree awarded interest from May 3, 1962, at six per cent as required by G. L. c. 152, § 50, as amended by St. 1965, c. 616, if applicable. Section 50, as so amended, provides that "[w]henever compensation is not paid within sixty days of notice" of claim, interest shall be paid at the rate of six per cent per annum from the day of the receipt of the notice of claim. Prior to the 1965 amendment the section called for interest at four per cent from the date of the first decision where the compensation was not paid within ninety days of notice.

General Laws c. 152, § 2A, provides: "Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his dependents shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

Using the word "compensation" in its general sense, interest is compensation for the delay in receiving that to

which the recipient is forthwith entitled. *Parks* v. *Boston,* 15 Pick. 198, 208. Where interest must be paid to avoid a taking of property without due process of law the right thereto has a substantive aspect. See discussion in *Swampscott* v. *Remis,* 350 Mass. 523, 527–529.

But the issue here is whether the interest is a part of the "compensation payable to an injured employee" under the statute. We conclude that it is not and that the final decree was right. See cases exemplifying the Massachusetts rule that interest on foreign judgments is to be computed in accordance with our statutes, as a matter "touching the remedy." *Atwood* v. *Walker,* 179 Mass. 514, 518. *Hopkins* v. *Shepard,* 129 Mass. 600. *Clark* v. *Child,* 136 Mass. 344, 348. Beale, Conflict of Laws, § 420.1, notes cases elsewhere which apply the foreign law in order to give "full effect and credit" but says, "in Massachusetts, with more reason," the rule is that interest is "not an integral part of the judgment."

Statute 1930, c. 208, amended G. L. c. 152, § 10, by inserting a provision that if the insurer files a claim for review and the board orders the insurer to make or continue payments "the cost to the injured employee of such review, *including therein reasonable counsel fees* . . . shall be paid by the insurer" (emphasis supplied). In *Ahmed's Case,* 278 Mass. 180, 189, this court said that since c. 208 "relates solely to costs and procedure, it applies to all cases arising after its effective date."

3. The decree is formally adequate as a final decree notwithstanding that it does not in terms refer to the board's decision. The decree, reflecting the amounts which the board had ordered paid, sets out and orders paid the amounts due for total incapacity compensation, dependency compensation, partial incapacity compensation, doctors' fees (for appearances and testimony) and costs before the reviewing board. It also orders paid a stated amount for costs of appeal to the Superior Court.

4. Costs of this appeal are to be determined by the single justice.

*Final decree affirmed.*