WILLIAM G. MORRIS & another[1] vs. WATSCO, INC.

Suffolk. December 11, 1981. — March 31, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Interest. Damages,* Breach of contract. *Conflict of Laws.*

In an action on an unliquidated claim for breach of a contract which
the parties reasonably provided was to be construed and enforced ac-
cording to the law of Florida, this court would apply Florida law in
determining whether, and at what rate, prejudgment interest should
be awarded on the amount recovered. [676-678]

CERTIFICATION of a question of law to the Supreme Judi-
cial Court by the United States Court of Appeals for the First
Circuit.

*Richard F. McCarthy* for the defendant.

*James T. Ronan* for the plaintiffs.

WILKINS, J. The United States Court of Appeals for the
First Circuit has certified to us a question of law (see S.J.C.
Rule 1:03, as appearing in 382 Mass. 700 [1981]) that has
arisen in a diversity of citizenship action pending before
that court on appeal. The question has to do with the ap-
propriate law to be applied in determining the prejudgment
interest, if any, that should be paid to the plaintiffs for
breach of contract by the defendant.[2] The question is:
"Under Massachusetts law, what law is to be applied in de-
termining whether, and at what rate, pre-judgment interest
should be awarded on the recovery for an unliquidated con-
tract claim when the underlying contract provides that it
is to be construed and enforced according to the law of a

---

[1] Winslow-East, Inc.

[2] This action, we are told, also involves recovery on a claim under G. L.
c. 93A. The question certified to us is limited to the plaintiffs' claim for
breach of contract.

foreign jurisdiction (Florida law in this instance)?" We answer that, under Massachusetts law, the law of Florida should be applied in determining whether, and at what rate, prejudgment interest should be awarded in the circumstances stated.

We set forth in full the statement of facts contained in the certification from the Court of Appeals for the First Circuit:

"Watsco is a Florida corporation engaged in the business of manufacturing and selling professional hair spray systems and products. Morris entered into a distributorship agreement with Watsco pursuant to which Morris became the exclusive distributor of Watsco products in certain counties of the Commonwealth of Massachusetts. The agreement provided that it was to be 'construed and enforced according to the laws of the State of Florida.'

"Watsco subsequently terminated Morris as a distributor of its products. Morris commenced suit in the United States District Court for the District of Massachusetts, alleging breach of contract and unfair and deceptive trade practices. Jurisdiction was based on diversity of citizenship. After trial, the court entered judgment in accordance with the jury's verdict awarding Morris $80,947.61. This court affirmed in an unpublished opinion, No. 80-1192, January 16, 1981.

"On April 1, 1981, the trial court entered an Amended Judgment awarding Morris, *inter alia*, pre-judgment interest of $23,095.00. The court then added this amount to the judgment before calculating post-judgment interest. The Amended Judgment, from which Watsco has appealed, is attached.[3]

"While early Massachusetts authority suggests that interest should be awarded (as was done by the court below)

---

[3] We do not set forth the amended judgment attached by the Circuit Court of Appeals. We summarize the relevant parts. The plaintiffs received judgment on March 27, 1980, in the amount of $50,000 on count 1 and $18,000 on count 3. The judgment states that the court awarded the plaintiffs prejudgment interest of $23,095 on the damages from the date of the complaint to the date of the judgment (at 8% of $68,000 for fifty-one months).

pursuant to Massachusetts domestic law, *see, e.g.*, *Ayer* v. *Tilden*, 81 Mass. (15 Gray) 178 (1860); *see also* Mass. Annot., Restatement, Conflict of Laws § 418, comment c, appellant argues forcefully that these cases only apply to liquidated claims, are antiquated, are at variance with the majority rule, and no longer state the controlling law of Massachusetts. Moreover, this court some years ago in a tort case proceeded on the theory that Massachusetts follows the majority rule set forth in the Restatement. See *Sylvania Electric Products, Inc.* v. *Barker*, 228 F.2d 842, 850-51 (1st Cir. 1955), cert. denied, 350 U.S. 988 (1956). This court has not been able to find any recent Massachusetts cases clarifying the law on this subject."

Because the Federal action commenced in the United States District Court for the District of Massachusetts was based on diversity of citizenship, the Court of Appeals correctly recognized that the question before it was one to be determined by the law of Massachusetts, including its conflict of laws rules. See *Klaxon Co.* v. *Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Federal courts in diversity cases apply State law with respect to prejudgment interest. See *Jarvis* v. *Johnson*, 668 F.2d 740, 746-747 (3rd Cir. 1982), and cases cited.

Massachusetts law has recognized, within reason, the right of the parties to a transaction to select the law governing their relationship. Thus, in transactions governed by the Uniform Commercial Code which bear a reasonable relation both to this State and to another jurisdiction, "the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties." G. L. c. 106, § 1-105 (1), as appearing in St. 1957, c. 765, § 1. We have observed that this enactment was a "legislative recognition of the wisdom of permitting parties to give added certainty to a contract by expressly stipulating reasonably the governing law." *Maxwell Shapiro Woolen Co.* v. *Amerotron Corp.*, 339 Mass. 252, 257 n.1 (1959). Quite apart from statutory guidance, this court has similarly acknowledged and given effect to the law reasonably chosen

by the parties to govern their rights under contracts. See *Nissenberg* v. *Felleman*, 339 Mass. 717, 719 (1959) (rights by agreement governed by New York law); *Maxwell Shapiro Woolen Co.* v. *Amerotron Corp.*, *supra* at 258 (agreement to arbitrate in accordance with the law of New York); *Mittenthal* v. *Mascagni*, 183 Mass. 19, 21-22 (1903) (contract expressly stated it was governed by Italian law).

Even without an agreement concerning the governing law, it has been our practice to measure the damages recoverable for breach of contract according to foreign law where that law governs the contract. See *Steranko* v. *Inforex, Inc.*, 5 Mass. App. Ct. 253, 270 (1977); *Atwood* v. *Walker*, 179 Mass. 514, 518-519 (1901). We have also recognized that an express or implied agreement concerning the payment of interest for nonperformance appearing in a contract governed by foreign law is governed by that foreign law. See *Ayer* v. *Tilden*, 15 Gray 178, 184 (1860).

The problem in this case arises from a series of opinions of this court that have treated interest as payable for delay, rather than as payment for the underlying breach of contract. See *Atwood* v. *Walker*, *supra* at 518, and cases cited; *Ayer* v. *Tilden*, *supra* at 183-184, and cases cited. See also *Murphy's Case*, 352 Mass. 233, 235 (1967); Restatement of Conflict of Laws, Massachusetts Annots. § 418 (1935).[4] Thus, the issue of the amount of prejudgment interest payable has been labeled "procedural," and the law of the forum (i.e., Massachusetts) has been said to be controlling.

The conclusion that the matter of the interest payable as damages for breach of contract is not one of substantive law is suspect. To treat prejudgment interest as a payment of damages solely for the delay, and not as an obligation that is a reasonable consequence of the breach itself (and thus a substantive right flowing from that breach), seems difficult

---

[4] We do not pause to consider whether our previous cases have established such a rule only where the claim was for a liquidated sum. On the choice of law question, we see no controlling reason to distinguish between liquidated and unliquidated contract claims.

to defend. In *Ayer* v. *Tilden, supra* at 184, the court acknowledged that the result would have been different had there been an express or implied agreement to pay interest. In such a situation, as we have just said, we have given effect to the parties' choice of the amount of interest payable for the breach of contract. Consequently, where there was prior agreement, the label "substantive" has been applied to the question of the plaintiff's right to interest as damages for the breach. Although the differing treatment is of long-standing, rational justification for treating the question as substantive when the parties agree on the interest payable and as procedural when they do not cannot be readily found. Even the court in *Ayer* v. *Tilden, supra*, noted that the rule adopted in that case encourages forum shopping to "find [the] debtor or his property within a jurisdiction where a much higher rate of interest was allowed." Indeed, the court suggested that a different rule might be applied where forum shopping is shown. *Id.*[5] In short, the justification for our rule that interest is payable according to Massachusetts law when damages are recoverable for breach of a contract governed substantively by the law of another jurisdiction finds its support only in its longevity and in its convenience of application.[6]

None of our cases applying Massachusetts law to determine a defendant's interest obligations for breach of a contract whose substance is governed by the law of another jurisdiction dealt with a contract, such as is involved here, that expressly provided that it was to be construed and enforced according to the law of that other jurisdiction. We have no hesitancy in concluding that the parties to the contract involved in this case intended that their rights should

[5] At oral argument, the defendant conceded that forum shopping was not involved in this case.

[6] The statute providing the method of calculation and the amount of interest to be paid in a contract action (see G. L. c. 231, § 6C), is only a statement of the local, Massachusetts law, and not a determination of a choice of law question. See *Sylvania Elec. Prods. Inc.* v. *Barker*, 228 F.2d 842, 850-851 (1st Cir. 1955), cert. denied, 350 U.S. 988 (1956).

be determined by Florida law and that those rights include the determination of the damages, including interest, to be paid as a consequence of a breach of contract. See *Maxwell Shapiro Woolen Co.* v. *Amerotron Corp.*, 339 Mass. 252, 257 (1959). Their agreement should be given effect. This view comports with principles set forth in the Restatement (Second) of Conflict of Laws (1971), that "[t]he law of the state chosen by the parties to govern their contractual rights and duties" (§ 187 [1]) (here, Florida) would determine the measure of recovery for breach of contract, including "whether plaintiff can recover interest, and, if so, the rate, upon damages awarded him for the period between the breach of contract and the rendition of judgment" (§ 207, Comment e). In a sense, determining interest obligations by applying the general agreement of the parties concerning the governing law is simply an extension of the rule that recognizes an agreement of the parties as to the amount of interest payable for breach of contract.

The antiquity of a rule of law cannot alone justify its perpetuation. In some situations, action has been taken in reliance on an established rule, and a retroactive change in such a rule would be inappropriate. On what has been submitted to us, we find no suggestion that the parties relied on the rule of *Ayer* v. *Tilden* in defining their rights and duties.[7]

---

[7] We have no question before us as to whether one or the other party should have raised the point in the course of trial.

The difference between the law of Massachusetts and the law of Florida, as it applies to this case, might include the rate of interest, the date from which it is to be determined, and the entity (jury, clerk, or judge) who is to make the interest determination. The plaintiffs state in their brief that the only difference between Massachusetts and Florida law is the method of awarding interest — by the jury in Florida and by the clerk in Massachusetts (see G. L. c. 231, § 6C). They seem to grant, however, that the rate of interest may be less in Florida. Although in Massachusetts we might regard the method of computation of prejudgment interest to be a matter of local procedure (if the calculation were purely ministerial or mathematical) (see *D'Amico* v. *Cariglia*, 330 Mass. 246, 249 [1953]; Restatement (Second) of Conflict of Laws § 129 [1971]), under Florida law it appears that the award of prejudgment interest on

The fact that it is convenient to apply local law in these circumstances cannot justify its application. In our Federal system, far more complicated questions of foreign law must be dealt with by judges than that of the interest payable under the law of a foreign jurisdiction. A strong argument in favor of the rule we adopt is that it will result in uniform interest payments, without regard to the forum selected.

In answering the certified question, it is not necessary to overrule those cases, such as *Ayer* v. *Tilden*, which have held that, in the absence of agreement on the point, local law governs the determination of the interest payable as damages following the breach of a contract that is governed by foreign law. The rationale of this opinion, however, suggests that, even where the parties have not agreed on the law which governs their rights, the better rule may be in all instances to turn to the law governing rights and duties under the contract to determine the interest payable for breach of contract. See Restatement (Second) of Conflict of Laws §§ 188 and 207, Comment e (1971).

The usual procedure should be followed in furnishing and transmitting copies of this opinion. See *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 530-531 (1974).

.

---

an unliquidated claim is neither a ministerial task nor a question of law; it "is a discretionary function within the exclusive province of the jury." See *Plantation Key Developers, Inc.* v. *Colonial Mortgage Co. of Ind., Inc.*, 589 F.2d 164, 170, 171, & n.12 (5th Cir. 1979).