COMPUTER–LINK
CORPORATION, Plaintiff,

v.

RECOGNITION EQUIPMENT,
INCORPORATED, Defendant.

Civ. A. No. 86–2944–S.

United States District Court,
D. Massachusetts.

Sept. 29, 1987.

John C. Bartenstein, Ropes & Gray, Boston, Mass., for plaintiff.

Gael Mahony, Hill & Barlow, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST

SKINNER, District Judge.

By order of July 30, 1987, I granted summary judgment to plaintiff Computer-Link Corporation ("Computer-Link"), and directed defendant Recognition Equipment Incorporated ("REI") to pay Computer-Link the amount of $240,500. I now have before me plaintiff's motion to amend the judgment to include prejudgment interest in the amount of $25,435.52. For reasons that follow, plaintiff's motion is denied.

This court must look to Texas law in determining whether, and at what rate, prejudgment interest should be recovered, *Morris v. Watsco, Inc.*, 385 Mass. 672, 433 N.E.2d 886 (1982). Texas law provides that provisions limiting damages will be upheld unless they are unconscionable, *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir.1976) (citing *General Supply and Equipment Co., Inc. v. Phillips*, 490 S.W.2d 913 (Tex.Civ.App.1972)). Plaintiff bears the burden of showing that the limitation of damages provision (¶ 24.3) of the 1986 OEM Agreement does not apply to the recovery of prejudgment interest, or, failing to do that, that applying the provision to deny plaintiff prejudgment interest is unconscionable.

In relevant part, the 1986 OEM Agreement provides

> Except for the damages as stated in this paragraph "DAMAGES", NEITHER PARTY SHALL BE LIABLE FOR ANY INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF THIS AGREEMENT.

¶ 24.3 (Emphasis in original). If prejudgment interest is a form of indirect, special, or consequential damages, then plaintiff cannot prevail on this motion.

Plaintiff argues that, notwithstanding the limitation of damages provision, Texas law dictates that prejudgment interest should be awarded to the prevailing plaintiff, *Crown Central Petroleum Corp. v. National Union Fire Insurance Co.*, 768 F.2d 632 (5th Cir.1985), and further that TEX.REV.CIV.STAT.ANN. art. 5069–1.05, sec. 2 should be used to establish the interest rate, *Cavnar v. Quality Control Parking*, 696 S.W.2d 549 (Tex.1985). However, both cases pertain to the question of at what rate prejudgment interest should be calculated. Neither case addresses whether prejudgment interest is a form of indirect, special, or consequential damages, or whether prejudgment interest should be awarded in the face of an otherwise valid damages limitation clause. These cases are therefore distinguishable.

REI opposes plaintiff's motion on, among other grounds, the ground that the contract itself expressly precludes recovery of prejudgment interest. REI cites *Three-Seventy Leasing Corp., supra,* in support

of its argument that indirect, special, or consequential damages in the form of prejudgment interest cannot be recovered where a valid provision limiting remedies exists. I do not read *Three-Seventy Leasing* as stating that an award of prejudgment interest is a form of indirect, special, or consequential damages. Rather, the narrow question in that case was whether lost profits fell within the definition of consequential damages. Similarly, *General Supply and Equipment*, while stating the general proposition that provisions limiting damages will be upheld, cannot be read to state that prejudgment interest is a form of indirect, special, or consequential damages under Texas law.

Neither plaintiff nor defendant has cited any Texas case which definitively answers whether or not an award of prejudgment interest is a form of indirect, special, or consequential damages. As stated at the outset, the burden is on plaintiff to show that prejudgment interest should be awarded. Plaintiff has not met this burden. Plaintiff has likewise not persuaded me that failure to award prejudgment interest will lead to an unconscionable result.

Accordingly, plaintiff's motion to amend the judgment to include prejudgment interest is DENIED.