Sherman, P.J.
The plaintiff seeks to recover damages from the defendant on a complaint alleging interference with an advantageous business relationship and unfair and deceptive trade practices in violation of G.Lc. 93A
The defendant contracted with the plaintiff to obtain the services of a temporary secretary, Mrs. Sushila Barbour, for atwo-weekperiod commencing April 20,1987. The plaintiff had employed Mrs. Barbour as a temporary secretary in the past. During the course of her two week assignment, Mrs. Barbour accepted the defendant’s offer of permanent employment. Following the completion of her temporary assignment, she entered into said full-time employment and terminated her arrangement with the plaintiff.
There was evidence that Mrs. Barbour had indicated her willingness to assume another two week assignment with a specific company subsequent to her tour of duty with the defendant which was to have begun some time in either May or June, 1987. As a consequence of both her accepting full-time employment with the defendant and terminating her relationship with the plaintiff, this further assignment was never undertaken by her.
The trial court entered a finding for the defendant on all counts. The plaintiff-appellant now claims to be aggrieved by the trial court’s evidentiary rulings, refusal to act upon requests for findings of fact, denial of requests for rulings of law and denial of a motion for a new trial.
1. There was no error in the trial court’s refusal to act upon the plaintiff’s requests for findings of fact herein. Spiller v. Metropolitan Transit Authority, 348 Mass. 576, 579 (1965). It is well established that a litigant in a district court trial is not entitled, upon mere request, to the entry of findings of fact See Dist./Mun. Cts. R. Civ. P., Rule 52(a). See also, Ashapa v. Reed, 280 Mass. 514, 516 (1932).
We sustain the trial court’s denial of plaintiff’s requests 1 through 4[1] on the same elementary ground. Although captioned “Requests For Conclusions of Law,” plaintiff’s requests 1,2 and 3 sought inherently factual determinations as to whether *88 the defendant’s conduct constituted either unfair and deceptive acts cognizable under G.Lc. 93A, see P.M.P. Assoc., Inc. v. Globe Newspapers Co., 366 Mass. 593, 596 (1975) (questions of c. 93A violation customarily dependent on circumstances of each case) or tortious interference with an advantageous relationship between the plaintiff and Mrs. Barbour. As plaintiffs requests 1, 2 and 3 were requests for findings of fact not required by the evidence adduced at trial, their denial entailed no error. Cifizarro v. D'Annunzio, 1984 Mass.App.Div. 102, 103 and cases cited. Similarly, the court’s denial of plaintiffs request number 4 was proper as such request impermissibly sought both a finding of fact and a ruling of law based upon the assumed factual finding.
2. While recognizing that its requests could be construed as requests for findings of fact, the plaintiff corporation contends on this appeal that the court’s action upon such requests was still error because the findings sought were required by the evidence as a matter of law. Such contention is without merit
It has long been the law of this Commonwealth that an individual who, without privilege, interferes with the business relationship of another by causing a third person to terminate such business relationship is liable in an action of tort for damages sustained as a result of such interference. The elements of this tort have been customarily defined as: (1) an intentional, willful act; (2) calculated to cause damage to the plaintiff in the lawful pursuit of his business; (3) done with the unlawful purpose to cause damage or loss, without right or justifiable cause on the part of the defendant, (thereby constituting malice); and (4) actual damage and loss resulting therefrom. Walker v. Cronin, 197 Mass. 555, 562 (1871). The reported evidence, considered in the light of this traditional tort formulation, supports the court’s finding for the defendant
Interference with a business or advantageous relationship isactionable only if the relationship is one characterized by a reasonable expectancy of financial benefit. Owen v. Williams, 322 Mass. 356, 360 (1948). The relationship at issue herein consisted of little more than the plaintiffs listing of Mrs. Barbour as a potentially available office worker. Any economic benefit to be derived by the plaintiff was dependent solely upon the possibility of Mrs. Barbour’s unilateral election to accept a new temporary assignment, to complete an existing assignment, or even to contact the plaintiff on any given day about the availability of a temporary position. Contrary to the plaintiffs contention, such evidence did not require a finding as a matter of law that the plaintiffs relationship with Mrs. Barbour constituted a legally protected interest. There was also no evidence to require a finding that the defendant’s offer of a permanent position to Mrs. Barbour was tortious action done with an unlawful purpose to cause damage or loss.
The propriety of the trial court’s finding for the defendant has been further substantiated by subsequent developments in Massachusetts tort law. It is noteworthy that this case was argued before us on March 21,1990 when the ink had not yet dried on the March 7,1990 decision of the Supreme Judicial Court in United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1960), wherein the Court adopted the rule of the Restatement (Second) of Torts, §§ 766 and 766B.[2]
In this opinion, we adopt the word ‘improperly’ in place of the word ‘maliciously.’In doing so,weagree that more than intentional interference must be established. ‘Improperly’ is the word used in the Restatement....
*89 We accept it, as does the Restatement (Second) of Torts, as an element both in the proof of intentional interference with performance of acontract (§766) and in the proof of intentional interference with a prospective contractual relationship (§766B).
Id. at 816. An application of Geltman to the case at bar compels the conclusion that the plaintiff failed to establish even a prima facie case for recovery. The record is devoid of any suggestion that the defendant’s offer of full-time employment and subsequent hiring of Mrs. Barbour signified an interference with her relationship with the plaintiff either for an “improper purpose” or by “improper means.” Id. at 816.[3]
The court’s proper finding for the defendant on the plaintiff’s tort claim did not automatically require a finding against the plaintiff on its G.Lc. 93A claim. It is established that G.Lc. 93A created new substantive rights by making conduct unlawful which was notunlawful under the common law. Dodd v. Commercial Union Ins. Co., 373 Mass. 72 (1977); Slaney v. Westwood Auto, Inc., 366 Mass. 688 (1975). However, there is no reported evidence which would have required a finding that the defendant’s conduct constituted an unfair and deceptive trade practice in violation of G.Lc. 93A. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498,504 (1979).
3. The plaintiff s remaining charges of error are directed to the court’s evidentiary rulings and its denial of the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 59 motion for anew trial. The court excluded, on d irect examination of the plaintiff s vice president and comptroller, testimony as to damages for estimated future profits allegedly resulting from the plaintiff’s loss of Mrs. Barbour’s services.[4] As the plaintiff failed to establish a prima facie case for recovery herein, evidence of damages was properly excluded. As the record before us clearly indicates that the court’s finding for the defendant was neither contrary to law nor against the weight of the credible evidence, no abuseof discretion attended the court’s denial of the plaintiff s newtrial motion. Oldham v. Nerolich, 389 Mass. 1005 (1983).
4. The trial court’s judgment for the defendants is affirmed. Report dismissed.

 “1. The defendant interfered with the advantageous business relationship that existed between the Plaintiff and Sushila Barbour.
“2. The Defendant’s interference with the advantageous business relationship that existed between the Plaintiff and Sushila Barbour was an unfair and deceptive business practice.
“3. The Defendant’s interference with the advantageous relationship that existed between the Plaintiff and Sushila Barbour was the direct and proximate cause of the Plaintiffs damages.
“4. The defendant’s interference with the advantageous business relationship that existed between the Plaintiff and Sushila Barbour was a violation of MGL Chapter 93A, sec.2.”

 Section 766 states: “One who intentionally and improperly interferes with the performance of a contract (except to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the j other for the pecuniary loss resulting to the other from the failure of the third person to < perform the contract”

 “The ‘plaintiff must not only prove that defendant intentionally interfered with his business relationship but also that defendant had a duty of noninterference; i.e., that he interfered for an improper purpose rather than for a legitimate one, or that defendant used improper means which resulted in injury to plaintiff.’” United Truck Leasing Corp. v. Geltman, at 816 n.8, quoting from Straube v. Larson, 287 Or. 357, 361 (1979).

 Damages for proven interference with an advantageous or contractual relationship may include loss of profits resulting from the tortious acts. Gentile Bros. Corp. v. Rowena Homes, Inc., 352 Mass. 584 (1967). The method of calculating such damages is similar to the computation made in a breach of contract case. Some uncertainty in the assessment thereof does not necessarily prevent recovery as nominal damages may be available in the absence of sufficient proof of the dollar value of the actual injury. Chemawa Country Golf, Inc. v. Wmuk, 9 Mass.App.Ct. 506 (1980).