Dissenting Opinion
Furnari, J.,
dissenting. I respectfully disagree with my colleagues’ affirmation of the trial judge’s findings relative to the jurisdiction of Chapter 93A to the facts of this case.
I would vacate the court’s finding for the plaintiff on Count II of the amended complaint and enter a finding for the defendant
I find that the Massachusetts Consumer Protection Act, G.Lc. 93A, does not apply to this factual situation for the following reasons: (1) the parties agreed that New York law would apply to the substantive interpretation of the terms of this contract; (2) the jurisdiction of G.Lc. 93A was not intended to apply to business relationships of a private nature such as this one; and (3) the parties’entire active business relationship took place substantially and primarily outside of Massachusetts and was, therefore, exempt from G.Lc. 93A.
1. The legal issue raised by defendant’s request number 18 is the role of the plaintiff broker as an alleged “merchant” within the meaning of G.Lc. 93A and his entitlement to its remedies. It was error for the court to deny this clear request raising a material issue. The duty of the trial judge is to pass on any pertinent requests for rulings presented by the parties. Fisher v. Drew, 247 Mass. 178, 181 (1924).
The plaintiff herein was retained as an independent contractor salesman to sell the defendant’sproducts in an exclusive sales territory situated outsideof Massachusetts. I find that the arrangement was not one between two merchants, nor with the general public. I conclude that the plaintiff became part of the defendant’s operational sales organization entity, and was to supply the total outside sales staff and work performance in its area.
Section 1 of G.Lc. 93A proscribes unfair or deceptive acts or practices in the conduct of “trade or commerce”, which is defined in subsection (b) as including:
the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services or and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situated and shall include any trade or commerce directly or indirectly affecting the people of the commonwealth.
Section 11 affords recovery to “any person who engages in the conductof any trade or commerce who suffers loss byreason of conductproscribed by section2on the part of another person’who engages in any trade or commerce.” Newton v. Moffie, 13 Mass. App. Ct. 462, 466 (1982).
Taken on its face, the language of c. 93A, §11 does not apply to the business relationship defined in this case. There was clearly no sale of any product to the broker. This lawsuitresultedfrom abreakdown in theemploymentrelationship of the broker as an independent contractor sales organization. The alleged contract *164 violations took place when Amicone made direct sales to vendees in the exclusive sales territory without notification to the broker. While no remittance of commissions on these sales were made, there was no act or conduct on the part of Amicone that constituted trade or commerce “directly or indirectly affecting the people of this commonwealth” within the meaning of G.Lc. 93A, §l(b). Where the allegedly deceptive act or practice arises out of a controversy which is essentially private in nature and which has no actual or potential effect on the general public, it is beyond the purview of Chapter 93A. See, Newton v. Moffie, supra at 407 (citing an analogy to Federal Trade Commission cases).
Chapter 93A, §11 was not enacted to provide an additionalremedy forprivate wrongs which did not and could not affect the public generally. Zeman v. Black, 156 Ga. App. 82, 82-83 (1980).
2. Request number 19 states: “ [t] his agreement between the parties shall be construed under the laws of New York. Chapter 93Ais nota NewYork law.” The court denied the request as a “misstatement of fact,” but did not make any special findings to clarify what facts were misstated.
The contract provision was unequivocal. “The contract will be governed by New York Law, excluding those relating to conflicts of law.” The. only reasonable inference as to what the judge meant by “misstatement” was the defendant’s use of the word “construed” instead of “governed,” the contract term. There was no doubt in the reported evidence as to the uncontroverted text of this contract provision. The issue of whether New York State law applied to the substantive interpretation of the terms of this contract was directly presented to the judge and not directly answered.
Request 19 is unequivocal, and its purpose and intent was to identify the choice of law provision in the contract and determine how the judge applied the law. The BLACK’S LAW DICTIONARY, 6TH EDITION, definition of “governed” and “construed” are not the same.
Govern — to direct and control the actions or conduct of others by established laws or by arbitrary will; to direct and control, rule or regulate by authority.
Construe — to put together; to arrange or interpret the words of an instrument, statute, regulation, court decision or other legal authority; to ascertain the meaning of language by process of arrangement; to ascertain the meaning of language by a process of arrangement, interpretation and inference.
The defendant was entitled to an answer to request 19 because plaintiffs Count II relied solely on Massachusetts law, G.Lc. 93A, as a remedy. There was no evidence of record that the plaintiff presented any evidence of the statutes and/or judicial decisions of the State of New York. The plaintiff relied on the application of Chapter 93A and totally disregarded the choice of law provision in the contract. See G.Lc.233, §70 (judicialnotice); Cook v. Bartlett, 179 Mass. 576 (1901) (statutes); Ely v.James, 123 Mass. 16 (1877) (judicial decisions).
Massachusettsrecognizes and enforces “choice of law” contractual provisions. See Morris v. Watsco, Inc., 385 Mass. 672, 674 (1982). The courts will give effect to the law reasonably chosen by the parties to govern their rights under the contract. Id. at 675. See also, Nissenberg v. Feldman, 339 Mass. 717, 719 (1959) (rights by agreement governed by New York law).
The conflicts of law exclusion is not applicable to the G.Lc. 93A remedy as this is a substantive right statute established by Massachusetts law. When a cause of action is to be determined by the laws of a state other than Massachusetts, a conflicts of law issue arises. With few exceptions, the law of the forum regulates the remedy and *165 to procedure, including the form in which and the parties by or against whom the action shall be brought, the competency of the evidence offered to establish the cause of action, and whether the cause is barred by the statute of limitations. Baxter Nat’l Bk. v. Talbot, 154 Mass. 213, 216 (1891). All substantive rights for breach of contract must be determined by the “choice of law” forum. See Lenn v. Riche, 331 Mass. 104, 109 (1954). It is well established that c. 93A created new substantive rights by making conduct unlawful which was not previously unlawful under common law or prior statute. Dodd v. Commercial Ins. Co., 373 Mass. 72 (1977); Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975); Office Specialists of Massachusetts, Inc. v. Harrod, 1990 Mass. App. Div. 87, 87. It is a substantive remedy not a procedural form.
3. The transactions took place substantially and primarily outside of Massachusetts and were, therefore, exempt under Chapter 93A. Request number 21, while unartful in form, does directly focus on the issue as to the contract performance not being primarily and substantially carried on in Massachusetts but in an outside exclusive sales territory. The trial judge’s denial of request 21 on the grounds that “public policy makes business done in Massachusetts subject to 93A” was error.
The business relationship herein involved sales to third parties in an area outside of Massachusetts. Amicone, a Massachusetts business, did have its administrative offices and manufacturing plant in Massachusetts. The goods were shipped to the purchasers from Massachusetts and these purchasers would have G.Lc. 93A substantive rights against Amicone. This would not apply to the salesman, Worldwide. The sales were solicited, and the commissions would not vest until the goods were delivered and paid for, all outside of Massachusetts. The fact the goods were manufactured in and shipped from Massachusetts did not create a 93A liability to the salesman. See Goldstein Oil Co. v. C. K. Smith Co., 20 Mass App. Ct. 243, 247 (1985).
Request number 22 relates to the same issue. Both the trial judge and defense counsel accepted the text of the request as reflecting the obsolete revenue requirement of involvement in interstate commerce. The Legislature had amended Section 3 in July of 1983, removing the revenue standard regarding interstate commerce. The “primarily and substantially in Massachusetts” standard was added on September 18, 1985, effective December 18,1985.
For these reasons, I respectfully dissent.