The plaintiff, Brooklawn Capital LLC (Brooklawn), brought this action alleging breach of contract and quantum meruit against the defendant, Epox-Z Corporation (Epox). A judge of the Superior Court converted Brooklawn's motion under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), to one for summary judgment and entered judgment in its favor in the amount of approximately $ 160,228.40.[2] We affirm.
Background. Brooklawn is a foreign limited liability company incorporated in the Cayman Islands. Epox is a Massachusetts corporation. The details of the transaction between the parties are largely not relevant to the dispute, which concerns the amount of money Epox owes Brooklawn for its breach of contract.
The parties buy and sell receivables on the Receivables Exchange, LLC (the exchange) located in New Orleans, Louisiana. The exchange acts as a broker for the purchase and sale of accounts receivable in the electronic marketplace. To participate on the exchange, buyers and sellers must agree to a number of terms and conditions set forth in a master program agreement (MPA). The MPA specifies that Louisiana law governs all transactions "irrespective of the conflicts of law principles of that state." Both Brooklawn and EPOX agreed to the terms of the MPA.
On March 19, 2013, Epox sold a receivable to Brooklawn over the exchange. The receivable had a face value of $ 68,000, and a net amount of $ 58,480. After certain fee deductions, Epox received $ 58,028. However, the receivable turned out to be uncollectable. Epox made a partial payment to the exchange, reducing the face value of the receivable to about $ 61,921.56, but failed to make any additional payments. Eventually, Brooklawn, as an "opt-out" buyer, attempted to collect what it was owed from Epox directly. Negotiations were unsuccessful, and Brooklawn brought this action for breach of contract and quantum meruit.
In its complaint, Brooklawn alleged that the interest rate (approximately twenty-four per cent) specified under the MPA applies and, consequently, Epox owed Brooklawn $ 123,903.84. Epox admits that it is liable to Brooklawn for the unpaid balance on the receivable, but claims that it owes less than the amount specified by Brooklawn. Epox claims the interest rate applied by Brooklawn is usurious under G. L. c. 271, § 49, and, as a Massachusetts corporation, it should not be subject to an usurious interest rate. According to Epox, the appropriate interest rate is twenty per cent, and therefore it owes Brooklawn $ 43,028 due to Brooklawn's violation of G. L. c. 271, § 49. In a well-reasoned memorandum of decision and order, the motion judge rejected Epox's argument. He concluded that the law of the chosen State, here Louisiana, was not contrary to a fundamental policy of Massachusetts and, therefore, Louisiana law applied to the dispute. In reaching his conclusion, the judge ruled that G. L. c. 271, § 49 (a ), which forbids usurious interest by capping the annual interest rate for all interest and fees at twenty per cent, is not a fundamental policy of Massachusetts. The judge further concluded that Brooklawn's accounting was correct and that Epox was required to repurchase the receivable for the amount specified in Brooklawn's complaint.
Discussion. We review the grant of a motion for summary judgment de novo. Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012). As the judge observed, quoting Morris v. Watsco, Inc., 385 Mass. 672, 674 (1982), "Massachusetts law has recognized, within reason, the right of the parties to a transaction to select the law governing their relationship." When contracting parties choose the governing law, the court defers to the parties' decision unless it contradicts fundamental public policy. "Where, as here, 'the parties have expressed a specific intent as to the governing law, Massachusetts courts will uphold the parties' choice as long as it is not contrary to public policy.' " Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 468 (2018), quoting Hodas v. Morin, 442 Mass. 544, 549-550 (2004).
Without citing to any relevant authority, Epox claims that the criminal usury law is a "fundamental public policy" in Massachusetts and, therefore, the choice of Louisiana law contained in the MPA should be set aside. However, Epox has failed to demonstrate that the criminal usury laws, which apply to a loan of money or other property and were enacted to confront organized crime and loansharking, see Begelfer v. Najarian, 381 Mass. 177, 182 (1980), are applicable. Neither organized crime nor loansharking is alleged to have occurred here and, more importantly, the transaction at issue was a commercial transaction as opposed to a conventional loan. Given these circumstances, we conclude that the choice of law provision in the MPA is enforceable.
Louisiana usury law prohibiting interest in excess of twelve per cent applies only to conventional loans and not to commercial transactions. See La. Rev. Stat. Ann. § 9:3500(D) (2005); Federal Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067, 1070 (5th Cir. 1988). Given the absence of any dispute that the transaction at issue is commercial, we reach the same conclusion as the judge, namely, that the transaction is exempt from Louisiana usury law. Because Louisiana law permits interest on commercial transactions at above twenty per cent, as here, nothing precludes Brooklawn from its full recovery for Epox's default.
Appellate attorney's fees and costs. Brooklawn claims that, pursuant to the terms of the MPA and the seller's agreement, to which Epox was a party and of which Brooklawn was a third-party beneficiary, it is entitled to appellate attorney's fees.[3] We agree. Brooklawn may submit a petition for appellate attorney's fees to this court in the manner prescribed in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), within twenty calendar days of the issuance of the rescript in this case. Epox may respond within twenty calendar days from the date of said filing.
Judgment affirmed.

This figure reflects a judgment in the amount of $ 123,903.84, and includes various fees and costs accrued through September 30, 2016.

Section 13.2(B) of the MPA states: "[Epox] shall be responsible for payment of ... [Brooklawn's] reasonable attorneys' fees, [and] court cost[s] ... that may be incurred in attempting to collect and in collecting amounts due by [Epox]." The seller's agreement contains an identical provision.